■ EAST MIDWOOD JEWISH CENTER et al., Respondents, v CNA INSURANCE COMPANY, Appellant. [898 NYS2d 662]—

In an action to recover damages pursuant to a commercial general liability insurance policy and for a judgment declaring that the defendant is obligated to defend or indemnify the plaintiff East Midwood Jewish Center in an underlying personal injury action entitled *Rosdeitcher v East Midwood Jewish Ctr., Inc.*, commenced in the Supreme Court, Kings County, under index No. 7731/05, the defendant appeals from (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated April 7, 2008, which granted that branch of the motion of the plaintiff East Midwood Jewish Center which was for summary judgment declaring that the defendant is obligated to reimburse its insurer, the plaintiff GuideOne Mutual Insurance Co., in the sum of $175,000, constituting the full settlement amount of the underlying action plus reasonable costs and attorneys' fees in defending the underlying action, and (2) a judgment of the same court dated February 3, 2009, which, upon the order, is in favor of the plaintiff GuideOne Mutual Insurance Co. and against it in the principal sum of $175,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Senior League of Flatbush, Inc. (hereinafter the Senior League), leased portions of the plaintiff East Midwood Jewish Center (hereinafter the plaintiff). The lease required the Senior League to carry insurance that named the plaintiff as an additional insured. The plaintiff therefore was named as an additional insured in the Senior League's insurance policy with the defendant, CNA Insurance Company (hereinafter CNA).

Subsequently, a Senior League employee alleged that she slipped and fell on the kitchen floor, an area covered by the lease. The employee commenced an action against, among others, the plaintiff, to recover damages for personal injuries. The plaintiff, through its insurance company, GuideOne Specialty Mutual Insurance Co. (hereinafter GuideOne), requested that CNA defend it in the underlying action in accordance with its status as an additional insured under the CNA policy. CNA disclaimed coverage, and the underlying action was settled for $175,000.

Thereafter, the plaintiff brought this action, adding its insurer, GuideOne, as a plaintiff, and moved for summary judgment, inter alia, declaring that CNA is obligated to reimburse GuideOne, as the insurer of the Jewish Center, in the sum of $175,000, constituting the full settlement amount of the underlying action, plus reasonable costs and attorney's fees. In the order appealed from, the Supreme Court granted that branch of the plaintiff's motion, and in the judgment appealed from, the Supreme Court awarded GuideOne the principal sum of $175,000. We affirm.

Contrary to CNA's contention, the insurance procurement provision does not violate General Obligations Law § 5-321 under the circumstances of this case (see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419 [2006]; Kinney v Lisk Co., 76 NY2d 215, 218 [1990]; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153 [1977]; Tishman Constr. Corp. of N.Y. v CNA Ins. Co., 236 AD2d 211 [1997]; Schumacher v Lutheran Community Servs., 177 AD2d 568 [1991]; Jensen v Chevron Corp., 160 AD2d 767 [1990]).

The defendant's remaining contentions are without merit. Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.