■ W & W GLASS SYSTEMS, INC., Respondent, v ADMIRAL INSURANCE COMPANY et al., Appellants. [937 NYS2d 28]—

In this declaratory judgment action, plaintiff general contractor seeks a declaration that it was entitled to defense and indemnification from Admiral in connection with an underlying personal injury action in which an employee of defendant Metal Sales Company, Inc., a subcontractor hired by plaintiff, was injured. Metal Sales had a commercial general policy with Admiral pursuant to which plaintiff was named as an additional insured. The policy provided that plaintiff was covered "only with respect to liability caused by [the subcontractor's] ongoing operations performed for that insured [i.e., plaintiff]." The policy further provided that it "does not apply to liability caused by the sole negligence of the person or organization [named as an addition insured]."

Contrary to defendants' argument that the "caused by" language in the policy is "narrower" than the "arising out of" language in *BP A.C. Corp. v One Beacon Ins. Group* (8 NY3d 708 [2007]), the case relied on by the motion court, the phrase "caused by your ongoing operations performed for that insured," does not materially differ from the general phrase, "arising out of" (see *Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 38 [2010]; see also *QBE*

*Ins. Corp. v ADJO Contr. Corp.*, 32 Misc 3d 1231[A], 2011 NY Slip Op 51508[U] [2011]). The language in the additional insured endorsement granting coverage does not require a negligence trigger (*see Hunter Roberts Constr. Group, LLC v Arch Ins. Co.*, 75 AD3d 404, 407-408 [2010]), and the record demonstrates that the loss involves an employee of Metal Sales, the named insured, who was injured while performing the named insured's work under the subcontract. It is immaterial that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions (*BP A.C. Corp.*, 8 NY3d at 714). The duty to defend is "exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage" (*id.* [internal quotation marks and citation omitted]).

Defendants' argument that further discovery is warranted and that the motion is therefore premature, is unavailing. Defendants participated in lengthy discovery in the underlying action. Admiral had all of the relevant policies of insurance and had ample opportunity to gather evidence.

No proof was offered demonstrating that wrap-up coverage may have been in effect, and Admiral's bare affirmation raising speculative defenses is insufficient to defeat a prima facie showing of entitlement to summary judgment (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]). Defendants cannot avoid summary judgment based on speculation that further discovery may uncover something.

We have considered defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ. **[Prior Case History: 2010 NY Slip Op 32120(U).]**