■ KEY FAT CORP. et al., Respondents, v RUTGERS CASUALTY INSURANCE COMPANY, Appellant. [992 NYS2d 327]—

In an action, inter alia, for a judgment declaring that the plaintiffs are entitled to be reimbursed by the defendant for attorney's fees and litigation costs incurred by the plaintiff Key

Fat Corp. in an underlying action entitled *Guallpa v Key Fat Corp.*, commenced in the Supreme Court, Queens County, under Index No. 19005/06, the defendant appeals from an order of the Supreme Court, Queens County (Hart, J.), entered February 5, 2013, which denied its motion, inter alia, for summary judgment declaring that it is not so obligated, and granted the plaintiffs' cross motion, among other things, for summary judgment declaring that the defendant is obligated to reimburse them for attorney's fees and litigation costs incurred in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for entry of a judgment declaring that the defendant is obligated to reimburse the plaintiffs for attorney's fees and litigation costs incurred in the underlying action.

While working as a construction worker for his employer, Bando Construction, Inc. (hereinafter Bando), at a property Bando leased from the plaintiff Key Fat Corp. (hereinafter Key Fat), on June 30, 2006, Manuel Guallpa allegedly fell from a ladder, sustaining injuries. He commenced an action to recover damages for personal injuries against Key Fat (hereinafter the underlying action), which instituted a third-party action against Bando. Key Fat's insurer, Seneca Insurance Company (hereinafter Seneca), informed Bando and its insurer, Rutgers Casualty Insurance Company (hereinafter Rutgers Casualty), that although it was providing defense and indemnification for the underlying action, it was requesting that Rutgers immediately assume those obligations. On March 26, 2007, Rutgers Casualty informed Bando that it was disclaiming coverage based upon a certain exclusion in the commercial general liability insurance policy it had issued to Bando (hereinafter the Policy). By letter dated April 17, 2007, Rutgers Casualty informed Seneca of the disclaimer. Key Fat was not so informed. A judgment was ultimately entered in favor of Guallpa and against Key Fat, awarding damages for his injuries, and Key Fat was awarded summary judgment on its third-party claims against Bando for common-law and contractual indemnification. Following an inquest, the Supreme Court entered a judgment on September 16, 2011, in favor of Key Fat and against Bando in the total sum of $90,502.87 for attorney's fees and costs incurred in the underlying action.

Key Fat and Seneca together commenced the instant action against Rutgers Casualty. The complaint alleged that Rutgers Casualty was not entitled to disclaim coverage based on the Policy exclusion of certain injuries sustained by an employee of

the insured. Rutgers Casualty counterclaimed against the plaintiffs, and moved, inter alia, for summary judgment declaring that it was not obligated to reimburse Key Fat for such previously incurred defense costs in the underlying action. The plaintiffs cross-moved, among other things, for summary judgment declaring that Rutgers Casualty was so obligated. The Supreme Court denied Rutgers Casualty's motion and granted the plaintiffs' cross motion. Rutgers Casualty appeals. We affirm.

Pursuant to Insurance Law § 3420 (d), an insurance carrier is required to provide its insured and any other claimant with timely notice of its disclaimer or denial of coverage on the basis of a policy exclusion, and will be estopped from disclaiming liability or denying coverage if it fails to do so (*see Brighton Cent. School Dist. v American Cas. Co. of Reading, Pa.*, 19 AD3d 528, 529 [2005]; *Moore v Ewing*, 9 AD3d 484, 487 [2004]). Although Insurance Law § 3420 (d) (2) does not apply if the underlying claim does not involve death or bodily injury (*see Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d 689, 690 [1994]), contrary to Rutgers Casualty's contention, this provision is applicable where, as here, the coverage the defendant seeks to disclaim is for defense costs incurred in connection with an underlying personal injury action. Accordingly, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law, inter alia, declaring that Rutgers Casualty was estopped from disclaiming insurance coverage under the Policy by submitting evidence that it failed to provide a timely written notice of this disclaimer to Key Fat, a claimant in this litigation (*see* Insurance Law § 3420 [d] [2]; *233 E. 17th St., LLC v L.G.B. Dev., Inc.*, 78 AD3d 930, 932 [2010]; *Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84, 90 [2005]). In opposition, Rutgers Casualty failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, Rutgers Casualty's motion for summary judgment was properly denied, and the plaintiffs' cross motion for summary judgment was properly granted.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that Rutgers Casualty is obligated to reimburse the plaintiffs for attorney's fees and litigation costs incurred in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.