■ KEL-MAR DESIGNS, INC., Appellant, v HARLEYSVILLE INSURANCE COMPANY OF NEW YORK et al., Respondents. [8 NYS3d 304]—

Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered January 14, 2014, which denied plaintiff's motion for summary judgment, granted defendants' motion for summary judgment, and declared that defendants do not have a duty to defend or indemnify plaintiff, Frost Equities, or Walgreens in the underlying personal injury action, unanimously reversed, on the law, without costs, the

declaration vacated, defendants' motion denied, and plaintiff's motion granted to the extent of declaring that defendant Harleysville Insurance Company of New York (defendant), as co-primary insurer with RLI Insurance Company (RLI), has a duty to defend and indemnify plaintiff and to pay its proportionate share of defense and indemnity costs in the underlying action.

The insurance policy that defendant provided to subcontractor Arcadia (the Harleysville policy) provides additional insured coverage to plaintiff general contractor only for "liability caused, in whole or in part, by the acts or omissions of [Arcadia] . . . in the performance of [Arcadia's] ongoing operations for the additional insured." The loss at issue in the underlying action—a personal injury suffered by an Arcadia employee when he lost his footing on a stairway while working on a construction project—resulted, at least in part, from "the acts or omissions" of the Arcadia employee while performing his work (i.e., his loss of footing while on the stairway), regardless of whether the Arcadia employee was negligent or otherwise at fault for his mishap (see *Strauss Painting, Inc. v Mt. Hawley Ins. Co.*, 105 AD3d 512, 513 [1st Dept 2013], *mod on other grounds* 24 NY3d 578 [2014]; *W & W Glass Sys., Inc. v Admiral Ins. Co.*, 91 AD3d 530, 530-531 [1st Dept 2012]). Accordingly, defendant is obligated both to defend and indemnify plaintiff as an additional insured under the Harleysville policy.

The Harleysville policy, by its plain terms, provides excess coverage to plaintiff, because the subcontract between plaintiff and Arcadia does not "specifically" require the Harleysville policy to provide plaintiff with primary coverage. However, because both the Harleysville policy and the insurance policy that plaintiff obtained from RLI purport to be excess to the other, the excess insurance provisions in the policies cancel each other out, and defendant and RLI, as co-insurers on a primary basis, are required to share plaintiff's defense costs in the underlying action (see *Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682, 686-687 [1999]).

Defendant is not obligated to indemnify and defend Walgreens and Frost Equities. Those entities are not additional insureds under the plain terms of the Harleysville policy, as Arcadia did not perform operations for them pursuant to a written contract. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Clark, JJ.