■ STRUCTURE TONE, INC., et al., Appellants-Respondents, v NATIONAL CASUALTY COMPANY, Respondent-Appellant, et al., Defendants. [13 NYS3d 52]—

Order, Supreme Court, New York County (Carol R. Edmead,

J.), entered March 3, 2014, which granted defendant National Casualty's motion for summary judgment in part, and granted plaintiffs' cross motion for summary judgment in part, to the extent of declaring that National Casualty has no duty to indemnify plaintiffs, but must reimburse plaintiffs for the defense costs incurred in the underlying action from the time of its commencement until the date of the court's order, unanimously modified, on the law, to declare that National Casualty has no duty to reimburse plaintiffs for defense costs, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered August 12, 2014, which, upon granting reargument and renewal, adhered to its prior determination, unanimously dismissed, without costs, as academic.

Because project owner 200 Fifth did not contract directly with electrical contractors Kleinknecht Electric Company, the named insured on National Casualty's policy, the motion court properly found that 200 Fifth did not qualify as an additional insured (see *Kel-Mar Designs, Inc. v Harleysville Ins. Co. of N.Y.*, 127 AD3d 662 [1st Dept 2015]). Further, any reliance on the certificate of insurance produced by plaintiffs' broker is unavailing, as it is undisputed that no agency agreement existed between National Casualty and the broker; accordingly, National Casualty is not bound by the representations made in the certificate of insurance (see *Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198, 200 [1st Dept 2004]). Hence, "[i]nsofar as the claim fell outside of the policy's coverage, the carrier was not required to disclaim as to coverage that did not exist" (*id.*).

Plaintiffs conceded that they were being provided coverage in the underlying action "pursuant to a contractor controlled insurance program," a policy issued by another carrier, and therefore, based on the plain language of the policy (see *J.P. Morgan Sec. Inc. v Vigilant Ins. Co.*, 126 AD3d 76, 83 [1st Dept 2015]), the Wrap-Up exclusionary language was triggered, precluding coverage for both plaintiffs. Under the timeline presented, National Casualty's assertion of the Wrap-Up Exclusion in the proposed amended answer constituted timely notice of disclaimer (see *American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373, 373 [1st Dept 1998]; *Mayo v Metropolitan Opera Assn., Inc.*, 108 AD3d 422, 425 [1st Dept 2013], *lv dismissed* 22 NY3d 1125 [2014]).

Because plaintiffs' claims were precluded by the Wrap-Up Exclusion, National Casualty was not obligated to reimburse either plaintiff for their defense costs (*Federal Ins. Co. v Kozlowski*, 18 AD3d 33, 38, 42 [1st Dept 2005]). Concur—

Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.