■ ASPEN SPECIALTY INSURANCE COMPANY, Respondent, v IRONSHORE INDEMNITY INCORPORATED, Appellant, et al., Defendant. [42 NYS3d 121]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 9, 2015, which, to the extent appealed from, granted plaintiff's cross motion for summary judgment declar-

ing that, with respect to the underlying personal injury action, its named insured is an additional insured under the policy issued by defendant Ironshore Indemnity Incorporated to defendant Transel Elevator, Inc., unanimously affirmed, with costs.

While the policy issued by Ironshore to Transel refers, with respect to coverage for additional insureds, to "losses 'caused by' [Transel's] 'acts or omissions' or 'operations,' the existence of coverage does not depend upon a showing that [Transel's] causal conduct was negligent or otherwise at fault" (*Burlington Ins. Co. v NYC Tr. Auth.*, 132 AD3d 127, 135 [1st Dept 2015] [citing cases], *lv granted* 27 NY3d 905 [2016]). Thus, plaintiff's named insured (the hotel) is entitled to coverage as an additional insured under the Ironshore policy with respect to the claim of injuries sustained by Transel's employee when he lost his footing on the hotel stairway, which resulted from his "acts or omissions" while performing his work (*see Kel-Mar Designs, Inc. v Harleysville Ins. Co. of N.Y.*, 127 AD3d 662, 663 [1st Dept 2015]). Given the breadth of the duty to defend, the fact that the injured claimant fell in a stairway, and not in the elevator itself, during the course of his elevator repair work, does not change this result.

Ironshore's remaining arguments are unavailing. The cases cited in *Burlington* (*W & W Glass Sys., Inc. v Admiral Ins. Co.*, 91 AD3d 530 [1st Dept 2012]; *National Union Fire Ins. Co. of Pittsburgh, PA v Greenwich Ins. Co.*, 103 AD3d 473 [1st Dept 2013]; *Strauss Painting, Inc. v Mt. Hawley Ins. Co.*, 105 AD3d 512 [1st Dept 2013], *mod on other grounds* 24 NY3d 578 [2014]), harmonized together, support the conclusion that a finding of negligence against Transel is not required to trigger additional insured coverage for the hotel, in view of the policy language of "acts or omissions." *Crespo v City of New York* (303 AD2d 166 [1st Dept 2003]) is distinguishable, since the additional insured endorsement in that case provided coverage " 'only to the extent [the additional insured] is held liable *for* [the named insured's] acts or omissions,' " which language "suggest[s] that the wrongful conduct of the named insured must provide the basis for the imposition of liability on the additional insured" (*Burlington*, 132 AD3d at 137). Concur—Friedman, J.P., Sweeny, Saxe, Kapnick and Gesmer, JJ. ■