■ HARCO CONSTRUCTION, LLC, et al., Appellants, v FIRST MERCURY INSURANCE COMPANY, Respondent, et al., Defendants. [49 NYS3d 495]—

Appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered October 9, 2014. The order granted the motion of the defendant First Mercury Insurance Company, in effect, for summary judgment declaring that it was not obligated to defend and indemnify the plaintiffs pursuant to a policy of insurance issued by it to Disano Demolition Co.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant First Mercury Insurance Company which was, in effect, for summary judgment declaring that it was not obligated to defend and indemnify the plaintiff Harco Construction, LLC, pursuant to a policy of insurance issued by it to Disano Demolition Co., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant First Mercury Insurance Company was not obligated to defend and indemnify

the plaintiff 301-303 West 125th, LLC, pursuant to a policy of insurance issued by it to Disano Demolition Co.

The plaintiff Harco Construction, LLC (hereinafter Harco), entered into a contract with the plaintiff 301-303 West 125th, LLC (hereinafter 301-303), to perform construction services on 301-303's premises. Harco subsequently entered into a subcontract with the defendant Disano Demolition Co. (hereinafter Disano), pursuant to which Disano agreed to, among other things, demolish numerous structures located on 301-303's premises. Pursuant to the subcontract, Disano was required to procure and maintain a commercial general liability insurance policy naming the plaintiffs as additional insureds. The defendant First Mercury Insurance Company (hereinafter FMIC) issued a policy to Disano which included an endorsement entitled "Additional Insured—Owners, Lessees or Contractors—Automatic Status When Required In Construction Agreement With You," specifying that "Who is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." Harco also was a named insured under a liability insurance policy issued by nonparty Mt. Hawley Insurance Company (hereinafter Mt. Hawley).

On September 20, 2011, a partially demolished five-story building on 301-303's premises collapsed (hereinafter the incident), causing debris to fall onto the street and a New York City bus. On September 23, 2011, Mt. Hawley sent a letter to FMIC on behalf of the plaintiffs to provide notice of the incident and demand that FMIC defend and indemnify the plaintiffs, "in connection with any claims and suits that arise from the accident." Mt. Hawley also requested that FMIC confirm whether the plaintiffs were additional insureds under the policy that FMIC had issued to Disano. As of that time, no actions had been commenced arising out of the incident. On October 21, 2011, FMIC sent a letter to Mt. Hawley disclaiming any duty to defend or indemnify Harco. FMIC contended that the occurrence fell within an exclusion endorsement for "[a]ll work over 1 story in height." FMIC did not disclaim coverage as to 301-303 and did not send notice of its disclaimer directly to either of the plaintiffs. As a result of the incident, numerous personal injury actions were commenced against, among others, the plaintiffs.

The plaintiffs then commenced this action against FMIC, among others, seeking a judgment declaring, inter alia, that

FMIC was obligated to defend and indemnify them in the underlying actions, and reimburse them for all costs incurred by them in connection with the underlying actions. FMIC moved, in effect, for summary judgment declaring that it was not obligated to defend and indemnify the plaintiffs pursuant to the policy it issued to Disano, which was granted. The plaintiffs appeal.

"A disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy" (*Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648 [2001]; *see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]). "Conversely, a timely disclaimer pursuant to Insurance Law § 3420 (d) is required when a claim falls within the coverage terms but is denied based on a policy exclusion" (*Markevics v Liberty Mut. Ins. Co.*, 97 NY2d at 648-649; *see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d at 188-189).

Here, FMIC demonstrated, prima facie, that 301-303 did not qualify as an additional insured under the policy issued by FMIC to Disano (*see Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co.*, 143 AD3d 146 [2016]; *Structure Tone, Inc. v National Cas. Co.*, 130 AD3d 405, 406 [2015]; *AB Green Gansevoort, LLC v Peter Scalamandre & Sons, Inc.*, 102 AD3d 425, 426 [2013]; *Linarello v City Univ. of N.Y.*, 6 AD3d 192, 195 [2004]), and that it was therefore not required to disclaim coverage as to 301-303, "as its denial of coverage was based on the lack of coverage, rather than on a policy exclusion" (*Maxwell Plumb Mech. Corp. v Nationwide Prop. & Cas. Ins. Co.*, 116 AD3d 740, 741 [2014]; *see Structure Tone, Inc. v National Cas. Co.*, 130 AD3d at 406; *Utica Mut. Ins. Co. v Government Empls. Ins. Co.*, 98 AD3d 502, 503 [2012]). In opposition to FMIC's prima facie showing, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the certificate of insurance issued by Disano's insurance broker to 301-303 was insufficient to raise an issue of fact as to whether 301-303 qualified as an additional insured under the terms of the policy issued by FMIC to Disano (*see Three Boroughs, LLC v Endurance Am. Specialty Ins. Co.*, 143 AD3d 480 [2016]; *Structure Tone, Inc. v National Cas. Co.*, 130 AD3d at 406; *Sevenson Envtl. Servs., Inc. v Sirius Am. Ins. Co.*, 74 AD3d 1751 [2010]; *Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co.*, 73 AD3d 856 [2010]; *Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198, 200 [2004]).

However, the Supreme Court erred in determining that FMIC was not required to send written notice of its disclaimer directly to Harco. "Pursuant to Insurance Law § 3420 (d), an

insurance carrier is required to provide its insured and any other claimant with timely notice of its disclaimer or denial of coverage on the basis of a policy exclusion, and will be estopped from disclaiming liability or denying coverage if it fails to do so" (*Key Fat Corp. v Rutgers Cas. Ins. Co.*, 120 AD3d 1195, 1197 [2014]; *see Moore v Ewing*, 9 AD3d 484, 487-488 [2004]).

Here, although Mt. Hawley was acting on behalf of the plaintiffs when it sent notice of the occurrence to FMIC and demanded that FMIC assume the plaintiffs' defense and indemnification in connection with any lawsuits arising from the incident, that did not make Mt. Hawley the plaintiffs' agent for all purposes, or for the specific purpose that is relevant here: receipt of a notice of disclaimer (*see Sierra v 4401 Sunset Park, LLC*, 24 NY3d 514, 518 [2014]; *Greater N.Y. Mut. Ins. Co. v Chubb Indem. Ins. Co.*, 105 AD3d 523, 525 [2013]; *233 E. 17th St., LLC v L.G.B. Dev., Inc.*, 78 AD3d 930, 932 [2010]). Contrary to FMIC's contention, Mt. Hawley's interests were not necessarily the same as Harco's in this litigation and because Harco had its own interests at stake, separate from that of Mt. Hawley, Harco was entitled to notice delivered to it (*see Sierra v 4401 Sunset Park, LLC*, 24 NY3d at 518). Since FMIC failed to provide timely notice of its denial of coverage on the basis of a policy exclusion to Harco, it is estopped from disclaiming insurance coverage on that ground (*see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d at 649; *Key Fat Corp. v Rutgers Cas. Ins. Co.*, 120 AD3d 1195, 1197 [2014]).

The plaintiffs' remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court erred in granting that branch of FMIC's motion which was, in effect, for summary judgment declaring that FMIC was not obligated to defend and indemnify Harco. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring, inter alia, that FMIC was not obligated to defend and indemnify 301-303 pursuant to the policy of insurance issued by FMIC to Disano (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.