Yonkers Lodging Partners, LLC v Selective Ins. Co. of Am. (2018 NY Slip Op 01090)





Yonkers Lodging Partners, LLC v Selective Ins. Co. of Am.


2018 NY Slip Op 01090


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2015-06216
 (Index No. 52306/13)

[*1]Yonkers Lodging Partners, LLC, et al., appellants,
v
Selective Insurance Company of America, respondent, et al., defendants.


Baxter Smith & Shapiro, P.C., White Plains, NY (Sim R. Shapiro of counsel), for appellants.
Hurwitz & Fine, P.C., Buffalo, NY (Dan D. Kohane of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Selective Insurance Company of America is obligated to defend and indemnify the plaintiff Yonkers Lodging Partners, LLC, in an underlying action entitled Benitez v Cali South West Realty Associates, L.P., pending in the Supreme Court, Dutchess County, under Index No. 4117/10, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Connolly, J.), dated June 21, 2015, which granted the cross motion of the defendant Selective Insurance Company of America for leave to serve and file an amended answer, denied their motion for summary judgment, in effect, declaring that the defendant Selective Insurance Company of America is obligated to defend and indemnify the plaintiff Yonkers Lodging Partners, LLC, in the underlying action, and, upon searching the record, awarded summary judgment to the defendant Selective Insurance Company of America, declared that the defendant Selective Insurance Company of America is not obligated to defend and indemnify the plaintiff Yonkers Lodging Partners, LLC, in the underlying action, and, in effect, dismissed the complaint insofar as asserted against the defendant Selective Insurance Company of America.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof which, upon searching the record, awarded summary judgment to the defendant Selective Insurance Company of America, declared that the defendant Selective Insurance Company of America is not obligated to defend and indemnify the plaintiff Yonkers Lodging Partners, LLC, in the underlying action, and, in effect, dismissed the complaint insofar as asserted against the defendant Selective Insurance Company of America; as so modified, the order and judgment is affirmed, without costs or disbursements, and the complaint is reinstated insofar as asserted against the defendant Selective Insurance Company of America.
The plaintiff Yonkers Lodging Partners, LLC (hereinafter YLP), entered into a contract with the defendant Tritec Hospitality, LLC (hereinafter Tritec), to perform construction services on YLP's premises and the premises of the adjacent property owner, the defendant Mack-Cali South West Realty Associates, LLC (hereinafter Mack-Cali). Tritec subsequently entered into a subcontract with the defendant Lea Rome, Inc. (hereinafter Lea Rome), pursuant to which Lea Rome agreed to, among other things, perform asphalt paving for the construction project. Pursuant to the subcontract, Lea Rome agreed to indemnify and hold harmless Tritec and YLP for any claims arising out of the performance of the subcontracted work, but only to the extent caused by the [*2]negligence or omission of Lea Rome. Additionally, Lea Rome was required to procure and maintain a commercial general liability insurance policy naming YLP and Tritec as additional insureds.
The defendant Selective Insurance Company of America (hereinafter Selective) issued a policy to Lea Rome which contained an exclusion for bodily injury or property damage liability assumed under a contract. However, this section further stated that "[t]his exclusion does not apply to liability for damages: . . . [a]ssumed in a contract or agreement that is an insured contract.'" The policy's definition of an "insured contract" included, inter alia, "[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for bodily injury' or property damage' to a third person or organization." The policy also included an endorsement entitled "Blanket Additional Insureds—Broad Form Vendors—As Required By Contract" specifying that "Who Is An Insured is amended to include as an additional insured any person or organization with whom you have agreed in writing in a contract, agreement or permit that such person or organization be added as an additional insured on your policy."
In April 2009, Carlos Benitez, and his wife suing derivatively, commenced an action against Tritec and Mack-Cali to recover damages for personal injuries he allegedly sustained while he was working at the construction site as an employee of Lea Rome. In October 2010, Tritec commenced a third-party action against Lea Rome for contractual indemnity, common-law indemnity, and contribution. In June 2011, Mack-Cali commenced a second third-party action against, among others, YLP, alleging that it had breached a contract pursuant to which it agreed to indemnify and hold Mack-Cali harmless for claims arising out of the performance of the construction work and to procure insurance.
Thereafter, YLP and its insurance carrier, Citizens Insurance Company of America (hereinafter together the plaintiffs), commenced this action, inter alia, for a judgment declaring that Selective is obligated to defend and indemnify YLP in the underlying action as an additional insured and reimburse Citizen for the defense costs the plaintiffs incurred in defending the second third-party action. In its answer, Selective, among other things, admitted that YLP was an additional insured, but asserted that the contractual exclusion applied. The plaintiffs moved for summary judgment, in effect, declaring that Selective was obligated to defend and indemnify YLP in the underlying action as an additional insured. Selective cross-moved for leave to serve an amended answer to deny that YLP was an additional insured. In opposition to the plaintiffs' motion for summary judgment, Selective argued that YLP did not qualify as an additional insured. The Supreme Court granted Selective's cross motion for leave to serve an amended answer, denied the plaintiffs' motion for summary judgment, and, upon searching the record, awarded summary judgment to Selective, declared that Selective was not obligated to defend and indemnify YLP in the underlying action, and, in effect, dismissed the complaint insofar as asserted against Selective.
The Supreme Court providently exercised its discretion in granting Selective's cross motion for leave to serve an amended answer. In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673; Markowits v Friedman, 144 AD3d 993, 995; Galanova v Safir, 127 AD3d 686, 687). A determination whether to grant such leave is within the court's discretion, and the exercise of that discretion will not be lightly disturbed (see Civil Serv. Empls. Assn. v County of Nassau, 144 AD3d 1075, 1076; Confidential Lending, LLC v Nurse, 120 AD3d 739, 741). Here, the plaintiffs failed to demonstrate that any prejudice or surprise would result from the proposed amendment, and the proposed amendment was not palpably insufficient or patently devoid of merit.
Upon granting Selective's motion for leave to serve an amended answer, the Supreme Court properly determined that YLP did not qualify as an additional insured, as there was no written agreement between it and Lea Rome pursuant to which Lea Rome agreed to procure insurance naming YLP as an additional insured (see Harco Constr., LLC v First Mercury Ins. Co., 148 AD3d 870, 872; Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 153; Structure Tone, Inc. v National Cas. Co., 130 AD3d 405, 406; Kel-Mar Designs, Inc. v Harleysville Ins. Co. of N.Y., 127 AD3d 662, 663; Mayo v Metropolitan Opera Assn., Inc., 108 AD3d 422, 425; AB Green Gansevoort, LLC v Peter Scalamandre & Sons, Inc., 102 AD3d 425, 426; Linarello v City Univ. of N.Y., 6 AD3d 192, 195). Accordingly, the court properly denied the [*3]plaintiffs' motion for summary judgment, in effect, declaring that Selective is obligated to defend and indemnify YLP in the underlying action as an additional insured.
However, the Supreme Court erred by searching the record and awarding summary judgment to Selective. Although YLP does not qualify as an additional insured, the Selective policy contains an exception to the contractual exclusion for liability assumed pursuant to an insured contract. There are triable issues of fact as to Selective's obligations to YLP under Lea Rome's insured contract with Tritec. Accordingly, on this record, Selective was not entitled to a declaration that it is not obligated to defend and indemnify YLP in the underlying action, or dismissal of the complaint insofar as asserted against it.
The parties' remaining contentions are without merit.
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court