Aspen Specialty Ins. Co. v Ironshore Indem. Inc. (2018 NY Slip Op 08253)





Aspen Specialty Ins. Co. v Ironshore Indem. Inc.


2018 NY Slip Op 08253


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Renwick, J.P., Richter, Tom, Kern, Oing, JJ.


160353/14 7658 7657

[*1]Aspen Specialty Insurance Company, Plaintiff-Respondent,
v
Ironshore Indemnity Incorporated, Defendant-Appellant, Transel Elevator, Inc., Defendant.


Vogrin & Frimet, LLP, New York (George J. Vogrin of counsel), for appellant.
Connell Foley, LLP, New York (William D. Deveau of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered January 29, 2018, which denied defendant Ironshore Indemnity Incorporated (Ironshore's) motion for leave to renew a prior motion to dismiss the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 27, 2018, which, inter alia, denied Ironshore's motion to reargue the court's January 29, 2018 decision, unanimously dismissed, without costs, as taken from a non-appealable order.
The court properly denied Ironshore's renewal motion on the ground that the parties' rights and responsibilities under the respective insurance contracts, or specifically, Alphonse Hotel's entitlement to additional insured status under the Ironshore policy, was conclusively adjudicated by our decision in Aspen Specialty Ins. Co. v Ironshore Indem. Inc. (144 AD3d 606, 606 [1st Dept 2016]), an order from which Ironshore did not appeal. At this juncture, the time to appeal has expired, and the court properly determined that renewal based upon the Court of Appeals decision in Burlington Insurance Company v NYC Tr. Auth. (29 NY3d 313 [2017]), is no longer available (see Matter of Huie (Furman), 20 NY2d 568, 572 [1967]).
We have considered and rejected Ironshore's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK