Mazo v DCBE Contr., Inc. (2020 NY Slip Op 04371)





Mazo v DCBE Contr., Inc.


2020 NY Slip Op 04371


Decided on July 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 30, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


11684 161671/13 595366/14

[*1] Jairo Mazo, Plaintiff-Respondent,
v
DCBE Contracting, Inc., Defendant-Respondent-Appellant, Iconic Mechanical LLC, Defendant-Appellant-Respondent.
DCBE Contracting, Inc., Third-Party Plaintiff-Respondent-Appellant,
v
Iconic Mechanical LLC, Third-Party Defendant-Appellant-Respondent, Harleysville Insurance Company of New York, et al., Third-Party Defendants-Respondents-Appellants.


Milber Makris Plousadis & Seiden LLP, Woodbury (Sarah M. Ziolkowski of counsel), for appellant-respondent.
Kaufman Dolowich Voluck, LLP, Woodbury (Andrew Lipkowitz of counsel), for DCBE Contracting, Inc., respondent-appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Michael Guttman of counsel), for Harleysville Insurance Company of New York and Harleysville Worcester Insurance Company, respondents-appellants.
Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered October 16, 2019, which, insofar as appealed from as limited by the briefs, denied defendant Iconic Mechanical LLC's motion for summary judgment dismissing the common-law negligence claim and all cross and third-party claims against it, denied defendant DCBE Contracting, Inc.'s motions for summary judgment dismissing the common-law negligence claim as against it and on its common-law and contractual indemnification claims against Iconic and for summary judgment declaring that third-party defendants Harleysville Insurance Company of New York and Harleysville Worcester Insurance Company (together, Harleysville) have a duty to defend and indemnify it, denied Harleysville's cross motion to the extent it sought declarations that the primary policy Harleysville issued is excess to a policy issued by DCBE's insurer and that it has no duty to defend DCBE and granted the motion to the extent of declaring that Harleysville's duty to indemnify DCBE has not been triggered, unanimously modified, on the law, to grant Iconic's motion as to DCBE's common-law indemnification and contractual indemnification claims against it and deny DCBE's motion against Harleysville and grant Harleysville's cross motion to the extent of declaring that the Harleysville primary policy is excess to the primary coverage afforded to DCBE under its ProSight policy and thus, Harleysville has no duty to [*2]defend DCBE, and otherwise affirmed, without costs.
Neither Iconic nor DCBE are entitled to summary judgment dismissing plaintiff's common-law negligence claim or on DCBE's contribution claim against Iconic. Insofar as building staff retained the keys and controlled access to the mechanical room where plaintiff's accident occurred, any failure to lock the door was not a dangerous condition created by Iconic or a proximate cause of the accident. Rather, the dangerous condition that caused the accident was the unsecured plywood left unattended without warnings (see Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 455-456 [1st Dept 2018], appeal withdrawn 32 NY3d 1168 [2019]). Contrary to Iconic's and DCBE's contentions that they owed no duty to plaintiff because they did not launch a force of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]), issues of fact exist as to their roles in creating the dangerous condition, including whether the plywood was unfastened at Iconic's behest.
However, because any liability DCBE incurs will be based on its own negligence, Iconic is entitled to dismissal of DCBE's common-law indemnification claims, (Chunn v New York City Hous. Auth., 83 AD3d 416, 417-418 [1st Dept 2011]), and DCBE's contractual indemnification claim.
Although DCBE is an additional insured under the Harleysville primary policy, Harleysville is entitled to a declaration that the Harleysville primary policy is excess to the primary coverage available to DCBE under DCBE's ProSight policy. The Harleysville primary policy provides that coverage under the additional insured endorsement shall be excess over any other available insurance unless the underlying written contract between DCBE and Iconic requires such additional insured coverage to be primary. The relevant subcontract between DCBE and Iconic does not specifically require Iconic to procure primary insurance covering DCBE as an additional insured. Thus, by its plain terms, the Harleysville primary policy provides excess coverage to DCBE (see Kel-Mar Designs, Inc. v Harleysville Ins. Co. of N.Y., 127 AD3d 662, 663 [1st Dept 2015]; see also Endurance Am. Specialty Ins. Co. v Harleysville Worcester Ins. Co., 179 AD3d 625, 625-626 [1st Dept 2020]; accord Poalacin v Mall Props., Inc., 155 AD3d 900, 911 [2d Dept 2017]). The ProSight policy issued to DCBE provides primary coverage except that such coverage shall be excess over any other primary insurance available to DCBE as an additional insured under another policy. Because the insurance available to DCBE as an additional insured under the Harleysville primary policy is excess, and DCBE has no other insurance available to it as an additional insured, the Harleysville primary policy is excess to the primary coverage available to DCBE under the ProSight policy. Accordingly, Harleysville has no duty to defend DCBE as an additional insured (see Endurance Am. Spec. Ins., 179 AD3d at 626; Poalacin, 155 AD3d at 911). The facts in Kel-Mar Designs help illustrate this principle. In Kel-Mar Designs, the additional insured's own policy purported to be excess, and thus the excess insurance provisions in the two policies cancelled each other out and the insurers were required to share the defense costs as primary co-insurers (see Kel-Mar Designs, Inc., 127 AD3d at 663). Here, however, DCBE's own insurance policy with ProSight purports to be primary, not excess.
Based on the foregoing, Harleysville is entitled to a declaration that it has no duty to defend DCBE as an additional insured under the Harleysville primary policy. Harleysville
remains potentially liable to indemnify DCBE as an excess insurer, depending on the resolution of plaintiff's claims below.
M-1252 - Jairo Mazo v. DCBE Contracting Inc., et al.
[and a third-party action]
Motion to stay trial pending determination
of the appeal denied as academic.
M-1252-A - Jairo Mazo v. DCBE Contracting Inc., et al.
[and a third-party action]
Motion to file a "replacement" or supplemental
brief denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 30, 2020
CLERK