Harco Constr., LLC v First Mercury Ins. Co. (2021 NY Slip Op 00297)





Harco Constr., LLC v First Mercury Ins. Co.


2021 NY Slip Op 00297


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-14768
 (Index No. 16011/13)

[*1]Harco Construction, LLC, respondent, et al., plaintiff,
v
First Mercury Insurance Company, appellant, et al., defendant.


Kennedys CMK LLP, New York, NY (Kristin V. Gallagher and Jacob J. Palefski of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP (Ford Marrin Esposito Witmeyer & Gleser, LLP, New York, NY [Joseph D'Ambrosio and Caroline McKenna], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant First Mercury Insurance Company is obligated to defend and indemnify the plaintiff Harco Construction, LLC, in certain underlying actions to recover damages for personal injuries, the defendant First Mercury Insurance Company appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered October 22, 2018. The order, insofar as appealed from, granted that branch of the motion of the plaintiff Harco Construction, LLC, which was for summary judgment declaring that the defendant First Mercury Insurance Company is obligated to reimburse it for certain defense and indemnity costs.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant First Mercury Insurance Company is obligated to reimburse the plaintiff Harco Construction, LLC, for certain defense and indemnity costs.
The plaintiff Harco Construction, LLC (hereinafter Harco), entered into a contract with the plaintiff 301-303 West 125th, LLC (hereinafter 301-303), to perform construction services on 301-303's premises. Harco subsequently entered into a subcontract with the defendant Disano Demolition Co. (hereinafter Disano), pursuant to which Disano agreed, among other things, to perform demolition work on the premises. Pursuant to the subcontract, Disano was required to procure and maintain a commercial general liability insurance policy naming the plaintiffs as additional insureds. The defendant First Mercury Insurance Company (hereinafter FMIC) issued a primary policy of commercial general liability insurance to Disano, which included an endorsement specifying that "Who Is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." Harco had obtained its own policies of commercial general liability insurance and excess liability insurance from Mt. Hawley Insurance Company (hereinafter [*2]Mt. Hawley). Mt. Hawley's commercial general liability policy provided that it was excess over other primary insurance for which the insured had been added as an additional insured, and further provided that "[i]f the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. . . . At our request, the insured will bring 'suit' or transfer those rights to us and help us enforce them."
On September 20, 2011, a partially demolished five-story building on 301-303's premises collapsed, causing debris to fall onto the street and a bus. As a result of that occurrence, Harco was named as a defendant in numerous personal injury actions.
The plaintiffs commenced this action, seeking, inter alia, a judgment declaring that FMIC is obligated to defend and indemnify Harco in the underlying personal injury actions. On a prior appeal, this Court determined that the Supreme Court erred in granting that branch of FMIC's motion which was, in effect, for summary judgment declaring that it was not obligated to defend and indemnify Harco in those actions, since FMIC failed, as required by Insurance Law § 3420(d), to provide timely notice to Harco of FMIC's denial of coverage on the basis of a policy exclusion (see Harco Constr., LLC v First Mercury Ins. Co., 148 AD3d 870, 872-873). This Court determined that because FMIC failed to provide timely notice to Harco of FMIC's denial of coverage on the basis of a policy exclusion, FMIC is estopped from disclaiming insurance coverage on that ground (see id. at 872-873). Thereafter, Harco moved, inter alia, for summary judgment declaring that FMIC is obligated to reimburse it for certain defense and indemnification costs incurred on its behalf in the underlying personal injury actions. The Supreme Court granted that branch of Harco's motion, and FMIC appeals.
Harco established its prima facie entitlement to summary judgment declaring that FMIC is obligated to reimburse it for certain defense and indemnity costs incurred on its behalf, as it established that FMIC's disclaimer to it was invalid, that it qualified as an additional insured under FMIC's policy, which was primary, noncontributory, and applicable to the underlying personal injury actions, and that its coverage under the Mt. Hawley policies was excess over FMIC's policy. In opposition, FMIC failed to raise a triable issue of fact.
Contrary to FMIC's contention, the Supreme Court properly determined that FMIC is obligated to reimburse Harco on behalf of its insurer, Mt. Hawley, for the defense and indemnification costs sustained as a result of FMIC's invalid disclaimer of coverage to Harco (see id.; Murnane Bldg. Contrs., Inc. v Zurich Am. Ins. Co., 107 AD3d 674, 676; East Midwood Jewish Ctr. v CNA Ins. Co., 72 AD3d 877, 877). At the time Harco filed its initial complaint in this action, there had been no settlement of the underlying personal injury actions, and, despite the Supreme Court's incorrect determination that FMIC's disclaimer was valid as to Harco, which was reversed by this Court on the prior appeal, FMIC is required to defend and indemnify Harco in those actions. That, in the interim, Mt. Hawley, acting on Harco's behalf, provided a defense in those actions and settled one of them in an amount above the limits of the FMIC policy did not relieve FMIC of its obligation. FMIC's contention that it is not obligated to reimburse Harco on behalf of Mt. Hawley because this action is, in effect, one for contribution and/or indemnification asserted by Mt. Hawley as the real party in interest, is without merit (see Harco Constr., LLC v First Mercury Ins. Co., 148 AD3d at 873).
Accordingly, we agree with the Supreme Court's determination to grant that branch of Harco's motion which was for summary judgment declaring that FMIC is obligated to reimburse it for certain defense and indemnity costs. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that FMIC is obligated to reimburse Harco for certain defense and indemnity costs (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court