Harco Constr., LLC v Scottsdale Ins. Co. (2025 NY Slip Op 03311)

Harco Constr., LLC v Scottsdale Ins. Co.

2025 NY Slip Op 03311

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-02761
 (Index No. 720183/21)

[*1]Harco Construction, LLC, et al., respondents,
v
Scottsdale Insurance Company, appellant, et al., defendants.

Perry, Van Etten, Rozanski & Kutner, LLP, Melville, NY (Leonard Porcelli of counsel), for appellant.
Ford Marrin Esposito Witmeyer & Gleser, LLP, New York, NY (Joseph D'Ambrosio and Caroline McKenna of counsel), for respondents.

DECISION & ORDER
In an action pursuant to Insurance Law § 3420 seeking satisfaction of certain judgments obtained by the plaintiffs against the defendant Disano Demolition Co., Inc., and for a judgment declaring that the defendant Scottsdale Insurance Company has a duty to indemnify the plaintiff Harco Construction, LLC, with respect to certain claims asserted against that plaintiff, the defendant Scottsdale Insurance Company appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated February 10, 2023. The order denied the motion of defendant Scottsdale Insurance Company pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
This action arises out of several actions (hereinafter the underlying actions) commenced against Harco Construction, LLC (hereinafter Harco), and 301-303 West 125th, LLC (hereinafter 301-303), relating to the collapse of a building and adjoining scaffold that occurred on September 20, 2011. 301-303 was the owner of that building. Harco was the general contractor on a construction project that was taking place at the time of the collapse. Disano Demolition Co., Inc. (hereinafter Disano), was the demolition contractor on that project. Disano's workers had cut open the building's elevator shaft, which caused the elevator shaft, and then the building itself, to collapse.
Immediately after the collapse, Harco, in anticipation of the commencement of the underlying actions, sought defense and indemnification from Disano's insurers. First Mercury Insurance Company (hereinafter FMIC) had issued a primary policy with limits of $1 million per occurrence (hereinafter the primary policy) to Disano, and Scottsdale Insurance Company (hereinafter Scottsdale) had issued an excess policy with limits of $5 million per occurrence (hereinafter the excess policy). Mt. Hawley Insurance Company (hereinafter Mt. Hawley), as Harco's direct insurer, tendered to FMIC and Scottsdale the defense and indemnification for the underlying actions as an additional insured on the primary policy. In response, FMIC sent a letter to Mt. Hawley stating that FMIC disclaimed coverage for Harco on various grounds, particularly on the basis of a "work height" exclusion contained in the primary policy. Because the excess policy [*2]"follows form," Scottsdale joined FMIC in disclaiming coverage for the underlying actions on the ground that the "work height" exclusion barred coverage.
In August 2013, Harco and 301-303 commenced an action against FMIC, Scottsdale and Disano (hereinafter the prior action) seeking a judgment declaring, inter alia, that FMIC and Scottsdale were obligated to defend and indemnify Harco and 301-303 and reimburse them for all costs incurred by them in connection with the underlying actions. In March 2014, in the prior action, FMIC moved, in effect, for summary judgment declaring that it was not obligated to defend and indemnify Harco and 301-303 on the ground, among others, that the primary policy did not afford coverage to Harco because the "work height" exclusion barred coverage for the claim. By order entered October 9, 2014, the Supreme Court granted FMIC's motion. The court held, inter alia, that FMIC's disclaimer was valid as to Harco under Insurance Law § 3420(d) and that the "work height" exclusion applied. The court also held that 301-303 was not an additional insured under the primary policy. Harco and 301-303 appealed from the order, arguing, among other things, that FMIC's disclaimer was invalid as to Harco, that the "work height" exclusion relied on by FMIC in its disclaimer was inapplicable under the facts or was otherwise ambiguous, and that 301-303 qualified as an additional insured under the primary policy. Scottsdale was not a party to the appeal, and while the appeal was pending, Harco, 301-303, and Scottsdale stipulated that the prior action insofar as asserted against Scottsdale would be discontinued without prejudice to Harco re-filing its claims against Scottsdale once the issues regarding FMIC's obligations were resolved.
In a decision and order dated March 15, 2017, this Court, inter alia, modified the order entered October 9, 2014, by deleting the provision thereof granting that branch of FMIC's motion which was, in effect, for summary judgment declaring that it was not obligated to defend and indemnify Harco and substituting therefor a provision denying that branch of the motion (see Harco Constr., LLC v First Mercury Ins. Co., 148 AD3d 870, 870). As so modified, this Court affirmed the order and remitted the matter for the entry of a judgment, among other things, declaring that FMIC was not obligated to defend and indemnify 301-303 (see id.). In the decision and order, this Court determined that 301-303 was not an additional insured, and thus, FMIC was not required to disclaim coverage as to 301-303 (see id. at 873). This Court also determined that since FMIC failed to provide timely notice of its denial of coverage on the basis of a policy exclusion to Harco, it was estopped from disclaiming insurance coverage on that ground (see id.). This Court did not address the issue of the applicability of the "work height" exclusion and determined that Harco's and 301-303's remaining contentions were "either without merit or not properly before this Court" (id.).
Thereafter, in April 2017, Scottsdale wrote to Harco reaffirming its disclaimer on the basis of the "work height" exclusion. In September 2021, Harco, 301-303, and Mt. Hawley commenced this action pursuant to Insurance Law § 3420 seeking satisfaction of certain judgments obtained by them against Disano and for a judgment declaring that Scottsdale has a duty to indemnify Harco with respect to the underlying actions. Scottsdale moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, contending, inter alia, that it was entitled to dismissal based upon documentary evidence and the doctrine of collateral estoppel. The Supreme Court denied the motion. Scottsdale appeals.
"A motion to dismiss pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations and conclusively establishes a defense to the claims as a matter of law" (Carpio v Morris, 223 AD3d 781, 782; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Krasnow v Catania, 219 AD3d 1324, 1325 [internal quotation marks omitted]; see Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 855-856).
Here, the documentary evidence submitted by Scottsdale, specifically the Supreme Court's order entered October 9, 2014, and this Court's decision and order dated March 15, 2017, failed to utterly refute the factual allegations in the complaint and conclusively establish a defense as a matter of law (see CPLR 3211[a][1]; see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326). Accordingly, Scottsdale was not entitled to dismissal of the complaint insofar as [*3]asserted against it pursuant to CPLR 3211(a)(1).
"Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of collateral estoppel" (Villaver v Paglinawan, 230 AD3d 533, 534; see 23 E. 39th St. Dev., LLC v 23 E. 39th St. Mgt. Corp., 172 AD3d 964, 967). The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Villaver v Paglinawan, 230 AD3d at 535). The doctrine applies only "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128 [internal quotation marks omitted]; see Villaver v Paglinawan, 230 AD3d at 535). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704; see Villaver v Paglinawan, 230 AD3d at 535).
Here, Scottsdale failed to establish that the issues necessarily decided in the prior action were identical to the issues raised in this action (see Villaver v Paglinawan, 230 AD3d at 535). The only issues necessarily decided by this Court in the decision and order dated March 15, 2017, were whether FMIC's disclaimer was valid as to Harco and whether 301-303 was an additional insured on the primary policy. Although Harco and 301-303 raised the issue of the applicability of the "work height" exclusion on the appeal from the order entered October 9, 2014, Scottsdale failed to establish that the issue was "actually litigated, squarely addressed, and specifically decided" by this Court in the prior action (id. [internal quotation marks omitted]). Moreover, Mt. Hawley was not a party to the prior action and thus, did not have an opportunity to litigate the issue. Further, the specific claims asserted against Scottsdale in this action are distinct from those asserted in the prior action and were not litigated in the prior action (see Omansky v Gurland, 4 AD3d 104, 108). Accordingly, Scottsdale was not entitled to dismissal of the complaint insofar as asserted against it pursuant to CPLR 3211(a)(5) based on the doctrine of collateral estoppel.
Scottsdale's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied Scottsdale's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court