■ THE CINCINNATI INSURANCE COMPANIES et al., Respondents, v SIRIUS AMERICA INSURANCE COMPANY, Appellant, and THOMAS JOHNSON, INC., Respondent. [856 NYS2d 800]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 21, 2007 in a declaratory judgment action. The judgment, among other things, granted plaintiffs' motion for summary judgment and declared that defendant Sirius America Insurance Company is obligated to defend and indemnify plaintiffs C.O. Falter Construction Corp., Buffalo Sewer Authority and City of Buffalo Water Division in the underlying personal injury action.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the second decretal paragraph and as modified the judgment is affirmed without costs.

Memorandum: We conclude that the judgment must be modi-

fied for the sole reason that Supreme Court erred in determining therein that the failure of defendant Sirius America Insurance Company (Sirius) to send its notice of disclaimer to the plaintiff in the underlying action as well as to three of the plaintiffs in this action, i.e., C.O. Falter Construction Corp. (Falter) and the Buffalo Sewer Authority and the City of Buffalo Water Division (collectively, City), renders the disclaimer invalid under Insurance Law § 3420 (d). Falter and the City have no standing to assert the alleged statutory violation by Sirius with respect to the plaintiff in the underlying action because they did not suffer an injury as a result thereof, and "they are not within the zone of interest which the statutory requirement of notice to the injured part[y] seeks to protect" (*Batchie v Travelers Ins. Co.*, 130 AD2d 536, 537 [1987]). With respect to Falter and the City, although they are entitled to notice of disclaimer pursuant to Insurance Law § 3420 (d) based upon their status as insureds, the notice of disclaimer was not rendered invalid under Insurance Law § 3420 (d) based on the failure of Sirius to send it to them inasmuch as Sirius complied with the statute by sending the notice of disclaimer to plaintiff Cincinnati Insurance Companies, the insurance carrier for Falter and the City (*see Excelsior Ins. Co. v Antretter Contr. Corp.*, 262 AD2d 124, 127-128 [1999]). We therefore modify the judgment accordingly, and we otherwise affirm the judgment for reasons stated in the decision at Supreme Court. Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.