JEFFREY MAUGHN et al., Plaintiffs, v RLI INSURANCE COMPANY, Appellant, and FAY NEISS et al., Respondents. [892 NYS2d 172]—

On their motion for summary judgment, the defendants Fay Neiss and 91-01 through 91-11 Church Limited Liability (hereinafter Church) met their burden of establishing that the defendant RLI Insurance Company (hereinafter RLI) did not properly disclaim coverage as to them by submitting RLI's disclaimer letter, which was not addressed to them specifically (*see Matter of Eveready Ins. Co. v Dabach,* 176 AD2d 879 [1991]). In response, RLI failed to raise a triable issue of fact. Although actual notice of RLI's disclaimer letter may have been sent to the address at which all of the moving defendants were located, the disclaimer was only addressed to the defendant Neiss Management Corp. (hereinafter Management). That disclaimer, therefore, was ineffective as to Fay Neiss and Church, to whom it was not addressed (*see* Insurance Law § 3420 [d] [2]), and the Supreme Court properly granted that branch of the motion which was for summary judgment as to those defendants.

However, the Supreme Court erred in granting that branch of the motion which was for summary judgment in favor of Management, and, in effect, denying that branch of RLI's cross

motion which was for summary judgment against Management. In support of its cross motion, RLI submitted, inter alia, the disclaimer letter, which was properly addressed and issued to Management, through its building manager, within three weeks of receiving notice of the accident, and established that the notice provided to it by Management was untimely (*see DeFreitas v TIG Ins. Co.*, 16 AD3d 451 [2005]; *Yarar v Children's Museum of Manhattan*, 4 AD3d 420, 421 [2004]; *cf. 875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.*, 30 NY2d 726 [1972]). Therefore, RLI met its prima facie burden of establishing its entitlement to judgment as a matter of law against Management. In opposition, Management failed to raise a triable issue of fact.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of judgment declaring that RLI is obligated to defend and indemnify the defendants Fay Neiss and 91-01 through 91-11 Church Limited Liability in the underlying personal injury action, and is not obligated to defendant and indemnify Management in that action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Chambers, Hall and Roman, JJ., concur.