*984 The third-party defendant Scottsdale Insurance Company (hereinafter Scottsdale) issued a certificate of insurance to the defendants/third-party plaintiffs, 4401 Sunset Park, LLC (hereinafter 4401), and Sierra Realty Company (hereinafter Sierra Realty), in accordance with a construction agreement in connection with a project in which several apartments in the subject building were to be renovated. On August 18, 2008, the plaintiff in the main action, Juan Sierra, allegedly was injured while working in the subject building.
On January 6, 2009, the primary insurer of 4401 and Sierra Realty, Greater New York Insurance Company (hereinafter GNY), wrote to Scottsdale, tendering a claim for the defense and indemnification of the underlying action on behalf of 4401 and Sierra Realty. On February 2, 2009, Scottsdale responded with a letter to GNY disclaiming coverage and rejecting the tender, on the grounds that the GNY letter constituted late notice of the accident and did not comply with terms of the Scottsdale policy. Scottsdale did not send this letter to 4401 or Sierra Realty. Sierra Realty and 4401 moved, inter alia, for summary judgment declaring that Scottsdale was obligated to defend and *985 indemnify them in the main action. Scottsdale cross-moved, inter aha, for summary judgment declaring that it was not obligated to defend and indemnify 4401 and Sierra Realty in the main action.
Where a primary insurer, in this case GNY, tenders a claim for a defense and indemnification to an insurer, in this case Scottsdale, which issued a certificate of insurance to the parties, indicating that they are additional insureds, that insurer must comply with the disclaimer requirements of Insurance Law § 3420 (d) (2) by providing written notice of disclaimer of coverage to the additional insureds. The fact that the tendering insurer provided untimely notice of the accident “does not excuse the insurer’s unreasonable delay in disclaiming coverage” (233 E. 17th St., LLC v L.G.B. Dev., Inc., 78 AD3d 930, 932 [2010]; see Admiral Ins. Co. v State Farm Fire & Cas. Co., 86 AD3d 486, 488 [2011]; J.T. Magen v Hartford Fire Ins. Co., 64 AD3d 266, 269 [2009]; Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 87-88 [2005]; AIU Ins. Co. v Investors Ins. Co., 17 AD3d 259, 260 [2005]). The failure of Scottsdale to provide written notice of disclaimer to 4401 and Sierra Realty rendered the disclaimer of coverage ineffective against them (see Maughn v RLI Ins. Co., 68 AD3d 1067, 1068 [2009]). Under the circumstances of this case, GNY" was not the real party in interest, such that the notice of disclaimer to GNY" would be rendered effective as against 4401 and Sierra Realty (cf. Cincinnati Ins. Cos. v Sirius Am. Ins. Co., 51 AD3d 1365 [2008]; Excelsior Ins. Co. v Antretter Contr. Corp., 262 AD2d 124 [1999]).
Scottsdale’s remaining contention has been rendered academic in light of our determination.
Since the third-party action is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Scottsdale is obligated to defend and indemnify 4401 and Sierra Realty in the main action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Mastro, J.P., Lott, Roman and Cohen, JJ., concur.