=================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 216
Juan Sierra,
            Plaintiff,
         v.
4401 Sunset Park, LLC, et al.,
            Defendants.
---------------------------------
4401 Sunset Park, LLC, et al.,
         Third-Party Respondents,
         v.
LM Interiors Contracting, LLC,
         Third-Party Defendant,
Scottsdale Insurance Company,
      Third-Party Appellant.
(And A Second Third-Party
Action.)

                Matthew Lerner, for third-party appellant.
                Corey Reichardt, for third-party respondents.

SMITH, J.:

            Insurance Law § 3420 (d) (2) requires a liability

insurer that disclaims liability to give written notice of the

disclaimer "to the insured."  This case involves parties who were

insureds under two different policies: they were named insureds

under their own policy, and additional insureds under a policy

- 1 -

obtained by a contractor they had hired.  The contractor's insurer, seeking to disclaim liability, sent written notice to the insureds' own carrier, but not to the insureds themselves. We hold that this did not meet the requirement of the statute.

**I**

4401 Sunset Park LLC and Sierra Realty Corp., defendants and third-party plaintiffs in this action, are respectively the owner and managing agent of an apartment building in Brooklyn.  They contracted with third-party defendant LM Interiors Contracting, LLC to do renovation work on the building.  The contract required LM to maintain liability insurance that named the owner and managing agent as additional insureds, and LM obtained such a policy from third-party defendant Scottsdale Insurance Company.  The owner and managing agent also had their own liability insurance policy, issued by Greater New York Mutual Insurance Company (GNY).

On August 18, 2008, plaintiff, Juan Sierra, an LM employee (unrelated to the managing agent, Sierra Realty Corp.), lost a finger in an accident while working on the renovation project.  The managing agent learned of the accident that day, but gave no notice of it to either GNY or Scottsdale.  More than three months later, on November 30, 2008, plaintiff brought this action seeking damages for personal injuries against the owner and the managing agent, and at this point they notified GNY of the claim.  GNY retained a lawyer for its insureds, but neither

the insureds nor GNY informed Scottsdale of the injury or the claim until January 6, 2009, when GNY sent the summons and complaint to Scottsdale.  In a letter that accompanied the summons and complaint, GNY asked Scottsdale to "respond in writing upon receipt of this letter whether you will defend, indemnify and hold our insured harmless in connection with this lawsuit."  The letter included the name and address of the law firm that GNY had retained to answer the complaint on the insureds' behalf.

Scottsdale replied to GNY on February 2, 2009, disclaiming liability on various grounds, including the insureds' failure to comply with their obligation under the policy "to see to it that we are notified as soon as practicable of an 'occurrence' which may result in a claim."  Scottsdale did not send its letter to the owner and managing agent (its additional insureds and GNY's insureds) or to the lawyer representing the insureds in this action.

The owner and managing agent brought third party claims against LM Interiors and Scottsdale asserting, among other things, that Scottsdale was required to provide them with a defense and indemnification.  Supreme Court granted summary judgment against Scottsdale on that claim, and the Appellate Division affirmed that portion of Supreme Court's order (Sierra v 4401 Sunset Park, LLC, 101 AD3d 983 [2d Dept 2012]).  The Appellate Division concluded that Scottsdale had failed to comply

with Insurance Law § 3420 (d) (2) because it had not sent its disclaimer notice to its additional insureds.  We granted leave to appeal from a later judgment, bringing this part of the Appellate Division order up for review (22 NY3d 854 [2013]), and we now affirm.

**II**

Insurance Law § 3420 (d) (2) says:

"If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage . . . it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage <u>to the insured</u> and the injured person or any other claimant"

(emphasis added).

It is undisputed that Scottsdale did not give notice of its disclaimer directly to its additional insureds or to the lawyer who had been retained to represent them.  Scottsdale argues that the disclaimer notice it sent to GNY was sufficient to satisfy the statute.  We disagree.

GNY was not an insured under Scottsdale's policy; it was another insurer.  While GNY had acted on the insureds' behalf in sending notice of the claim to Scottsdale, that did not make GNY the insureds' agent for all purposes, or for the specific purpose that is relevant here: receipt of a notice of disclaimer. GNY's interests were not necessarily the same as its insureds' in this litigation.  There might have been a coverage dispute between GNY and the insureds, or plaintiff's claim might have

exceeded GNY's policy limits.  Because the insureds had their own interests at stake, separate from that of GNY, they were entitled to notice delivered to them, or at least to an agent -- perhaps their attorney -- who owed a duty of loyalty in this matter to them only.  As the Appellate Division correctly held in Greater N.Y. Mut. Ins. Co. v Chubb Indem. Ins. Co. (105 AD3d 523, 524 [1st Dept 2013]), the obligation imposed by the Insurance Law is "to give timely notice of disclaimer to the mutual insureds . . . not to . . . another insurer."

Scottsdale argues that it has "substantially complied" with the statute, relying on Excelsior Ins. Co. v Antretter Contr. Corp. (262 AD2d 124 [1st Dept 1999]) and Cincinnati Ins. Co. v Sirius Am. Ins. Co. (51 AD3d 1365 [4th Dept 2008]). Excelsior, as the court in GNY v Chubb pointed out (105 AD3d at 525), may be distinguishable: in that case, as a result of a settlement, the insured had no real interest in the litigation, and the insurer to which the disclaimer was sent was the only real party in interest (see Excelsior, 262 AD2d at 127).  In any event, if Excelsior and Cincinnati are read to stand for the general proposition that notice to an additional insured's liability carrier serves as notice to the additional insured under section 3420 (d) (2), those cases should not be followed.

Accordingly, the judgment appealed from, and the order of the Appellate Division, insofar as reviewed, should be affirmed with costs.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Judgment appealed from and order of the Appellate Division,
insofar as brought up for review, affirmed, with costs.  Opinion
by Judge Smith.  Chief Judge Lippman and Judges Graffeo, Read,
Pigott, Rivera and Abdus-Salaam concur.


Decided November 24, 2014