■ ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY et al., Appellants, v UTICA FIRST INSURANCE COMPANY, Respondent, et al., Defendant. [7 NYS3d 58]—

Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered November 22, 2013, inter alia, declaring that defendant Utica First Insurance Company has no duty to defend or indemnify plaintiffs in the underlying lawsuit, unanimously affirmed, with costs.

Utica's disclaimer of liability for coverage by letter dated November 21, 2011 to its named insured, defendant CFC Contractor Group, Inc., did not constitute notice to additional insured plaintiff Adelphi Restoration Corp. pursuant to Insurance Law § 3420 (d) (2) (*see Sierra v 4401 Sunset Park, LLC*, 24 NY3d 514 [2014]). However, its January 29, 2013 disclaimer of liability to Adelphi was not unreasonably late in light of its uncontroverted statement in the disclaimer letter that it did not receive the written contract between CFC and Adelphi until January 28, 2013 (*see Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144 [1st Dept 1998]). Plaintiffs contend that the disclaimer was unreasonably late because the exclu-

sion for employees of an insured on which it was based was apparent from the face of multiple earlier tenders. However, Adelphi's additional insured status was conferred by a blanket additional insured endorsement, i.e., for any entity that CFC was required by a written contract to name as an additional insured; Adelphi was not named in the policy, and was required to prove its status by providing a copy of its written contract with CFC. Plaintiffs acknowledge that Utica "conducted an investigation as to Adelphi's status as an additional insured on its policy, and only when it confirmed that Adelphi was an additional insured did it issue its coverage position for Adelphi's tender." Indeed, Utica issued its disclaimer the day after it received the CFC/Adelphi contract. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Clark, JJ.