■ ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY et al., Appellants, v UTICA FIRST INSURANCE COMPANY, Respondent, et al., Defendant. [17 NYS3d 401]—

Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered November 22, 2013, declaring that defendant Utica First Insurance Company (Utica) has no duty to defend or indemnify plaintiffs in the underlying lawsuit, and dismissing the complaint, unanimously reversed, on the law, without costs, the complaint reinstated, the declaration vacated, Utica's motion to dismiss and for a declaration denied, and it is declared that Utica is obliged to defend and indemnify plaintiffs in the underlying action.

This action arises out of an October 16, 2011 accident in which an employee of defendant CFC Contractor Group, Inc. allegedly suffered injuries in the course of his work. The employee commenced the underlying action against, among others, plaintiff Adelphi Restoration Corp., seeking to recover damages for his injuries.

Adelphi commenced a third-party action against CFC seeking contribution, common-law indemnification, contractual indemnification, damages for breach of contract to procure insurance, and reimbursement of attorneys' fees and costs incurred in defending the employee's action. Specifically, Adelphi sought additional insured coverage from Utica under an insurance policy that Utica had issued to CFC.

The Utica policy contained an additional insured endorsement conferring additional insured coverage on entities for

which CFC was required to procure additional insured coverage under a written agreement executed before the date of the alleged loss (the blanket endorsement). However, the Utica policy also contained an exclusion for bodily injuries sustained by employees of any insured, or by contractors or employees of contractors "hired or retained by or for any insured." Thus, additional insured coverage was triggered when there was a written contract and when the claim arose out of the insured's work; however, coverage did not apply to an employee of any insured.

Adelphi concedes that on its face, the employee exclusion precludes coverage to it and to CFC; however, Adelphi contends that the timing of Utica's disclaimer to it precludes Utica from denying it coverage. We agree.

Utica first received notice of the accident on November 16, 2011 from Rockville Risk Management (Rockville), the third-party administrator for plaintiff Endurance American Specialty Insurance Company, Adelphi's insurer. By letter dated November 21, 2011, Utica informed CFC that it was denying coverage for the accident, citing the employee exclusion. In its correspondence, Utica stated that it would not provide coverage "to you or any other party seeking coverage under this policy of insurance for damages arising out of this incident." Utica further stated that it would "not defend any legal action against you or any other party; [would] not indemnify our insured *or any other party* for any judgment awarded; and [would] not make any payment on our insured or any other party's behalf in connection with damages arising out of this event." Utica did not inform Adelphi directly of the denial, but sent Rockville a copy of this letter.

By letter dated May 10, 2012, Rockville, on behalf of Endurance and Adelphi, tendered its defense and indemnity to Utica, noting that CFC had entered into a contract with Adelphi. However, Rockville did not include a copy of the contract. On November 20, 2012, Rockville sent another tender letter to Utica on behalf of Endurance and Adelphi, requesting a response to its earlier tenders and noting that Utica had not responded to the earlier tender on Adelphi's behalf.

On January 25, 2013, Rockville, on behalf of Adelphi, sent Utica a copy of the contract that triggered the blanket endorsement for Adelphi's benefit; Utica received that letter on January 28, 2013. One day later, on January 29, 2013, Utica informed Adelphi and Rockville that although Adelphi had provided a contract requiring that it be named as an additional insured on the Utica policy, the employee exclusion precluded coverage for the accident.

Utica's disclaimer of liability for coverage by letter dated November 21, 2011 to its named insured, defendant CFC, did not constitute notice to additional insured Adelphi under Insurance Law § 3420 (d) (2) (*see Sierra v 4401 Sunset Park, LLC*, 24 NY3d 514 [2014]). Further, although Utica knew by November 21, 2011, at the latest, that the employee exclusion applied to the employee's alleged accident, Utica did not immediately disclaim coverage on that basis; it instead waited to disclaim coverage until January 29, 2013—one day after it had received the contract that triggered the blanket endorsement. However, Insurance Law § 3420 (d) "precludes an insurer from delaying issuance of a disclaimer on a ground that the insurer knows to be valid . . . while investigating other possible grounds for disclaiming" (*George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA*, 92 AD3d 104, 106 [1st Dept 2012]; *see also City of New York v Northern Ins. Co. of N.Y.*, 284 AD2d 291 [2d Dept 2001], *lv dismissed* 97 NY2d 638 [2001]).

If Adelphi was not entitled to coverage because of the employee exclusion, it did not matter one way or the other whether it was an additional insured under the CFC/Utica policy, and Utica therefore did not need to investigate Adelphi's status in order to disclaim coverage under the exclusion (*see George Campbell Painting*, 92 AD3d at 111-112). Indeed, given its statement that it would not indemnify "our insured *or any other party* for any judgment awarded," Utica must have known that the employee exclusion was effective not only as to CFC but also as to Adelphi, and therefore, Utica should have immediately disclaimed to Adelphi on that basis. Thus, Utica's investigation as to whether Adelphi was an additional insured was insufficient as a matter of law as the basis for a disclaimer. Concur—Friedman, J.P., Renwick, Moskowitz and Richter, JJ.