AVR-Powell C Dev. Corp. v Utica First Ins. Co. (2019 NY Slip Op 05758)





AVR-Powell C Dev. Corp. v Utica First Ins. Co.


2019 NY Slip Op 05758


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-11075
 (Index No. 709504/15)

[*1]AVR-Powell C Development Corp., et al., respondents,
v
Utica First Insurance Company, appellant.


Farber Brocks & Zane LLP, Garden City, NY (Sherri N. Pavloff of counsel), for appellant.
Kenney Shelton Liptak Nowak LLP, Buffalo, NY (Timothy E. Delahunt of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs AVR-Powell C Development Corp. and Powell Cove Associates, LLC, in an underlying action entitled Klimowicz v Powell Cove Assoc., LLC, pending in the Supreme Court, Queens County, under Index No. 16726/09, the defendant appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered October 6, 2016. The order granted the plaintiffs' motion for summary judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs AVR-Powell C Development Corp. and Powell Cove Associates, LLC, in the underlying action and to reimburse those plaintiffs for all defense costs incurred in connection with the underlying action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment making the appropriate declaration in accordance herewith.
In March 2008, the plaintiff AVR-Powell C Development Corp. (hereinafter AVR-Powell), the owner of and general contractor at a construction site located on Lax Avenue in College Point, entered into a written agreement with nonparty Vinny Construction Corp. (hereinafter Vinny Construction), which was to perform masonry work in connection with the construction project. Pursuant to the agreement, Vinny Construction was required to procure and maintain a commercial general liability insurance policy naming AVR-Powell and the plaintiff Powell Cove Associates, LLC (hereinafter Powell Cove), as additional insureds. The defendant, Utica First Insurance Company (hereinafter Utica), issued a policy to Vinny Construction which included a "Blanket Additional Insured" endorsement specifying that an "[i]nsured also includes . . . [a]ny person or organization whom you are required to name as an additional insured on this policy under a written contract or written agreement." AVR-Powell and Powell Cove were also named as insureds under a general liability insurance policy issued to AVR-Powell and Powell Cove by nonparty Mt. Hawley Insurance Company (hereinafter Mt. Hawley).
In June 2008, Zdzislaw Klimowicz, an employee of Vinny Construction, allegedly was injured while working at the construction site. By letter dated March 16, 2009, Mt. Hawley [*2]wrote to Utica tendering a claim on behalf of the plaintiff AVR Realty Company, LLC (hereinafter AVR Realty), and Powell Cove for defense and indemnification in connection with any claim by Klimowicz. The following day, Utica sent a letter to Vinny Construction disclaiming coverage based on the policy exclusion for bodily injuries sustained by an employee of the insured in the course of his or her employment (hereinafter the employee exclusion). In June 2009, Klimowicz commenced an action to recover damages for personal injuries against Powell Cove and AVR Realty. By letter dated July 29, 2009, to Vinny Construction, Mt. Hawley tendered a claim for indemnification on behalf of AVR-Powell, Powell Cove, and AVR Realty (hereinafter collectively the plaintiffs). A copy of this letter was also sent to Utica. By letter dated August 31, 2009, Utica wrote to Mt. Hawley, disclaiming coverage based on the employee exclusion.
In February 2015, prior to the trial in the underlying action, Powell Cove and AVR Realty, through counsel, advised Utica that its disclaimer of coverage was ineffective inasmuch as it was not sent directly to the additional insureds, and they renewed their demand for coverage. Utica rejected the position that its disclaimer was invalid, and, after receiving a copy of the contract between AVR-Powell and Vinny Construction, it sent a letter dated March 20, 2015, directly to the plaintiffs, disclaiming coverage.
In September 2015, the plaintiffs commenced this action for a judgment declaring, inter alia, that Utica was obligated to defend and indemnify them in the underlying action. Subsequently, the plaintiffs moved for summary judgment declaring that Utica was obligated to defend and indemnify AVR-Powell and Powell Cove in the underlying action, and to reimburse them for all defense costs incurred in connection with the underlying action. In the order appealed from, the Supreme Court granted the plaintiffs' motion. Utica appeals.
Pursuant to Insurance Law § 3420 (d), an insurer is required to provide its insured and any other claimant with timely written notice of its disclaimer or denial of coverage on the basis of a policy exclusion, and will be estopped from disclaiming liability or denying coverage if it fails to do so (see QBE Ins. Corp. v Adjo Contr. Corp., 121 AD3d 1064, 1084; Key Fat Corp. v Rutgers Cas. Ins. Co., 120 AD3d 1195, 1197). Furthermore, where, as here, "a primary insurer . . . tenders a claim
for a defense and indemnification to an insurer . . . which issued a certificate of insurance to the parties, indicating that they are additional insureds, that insurer must comply with the disclaimer requirements of Insurance Law § 3420(d)(2) by providing written notice of disclaimer of coverage to the additional insureds" (Sierra v 4401 Sunset Park, LLC, 101 AD3d 983, 985, affd 24 NY3d 514; see Endurance Am. Specialty Ins. Co. v Utica First Ins. Co., 132 AD3d 434, 436).
On their motion for summary judgment, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating that Utica did not give timely written notice of its disclaimer directly to its additional insureds (see Sierra v 4401 Sunset Park, LLC, 24 NY3d at 518; Harco Constr., LLC v First Mercury Ins. Co., 148 AD3d 870, 873; Endurance Am. Specialty Ins. Co. v Utica First Ins. Co., 132 AD3d at 436). The plaintiffs' submissions showed that Utica did not provide a disclaimer of coverage directly to its additional insureds until March 20, 2015, approximately six years after the first demand for coverage from Utica. The failure of Utica to provide timely written notice of disclaimer to its additional insureds rendered its disclaimer of coverage ineffective against them (see Sierra v 4401 Sunset Park, LLC, 24 NY3d at 518-519; Maughn v RLI Ins. Co., 68 AD3d 1067, 1068).
In opposition, Utica failed to raise a triable issue of fact. There is no merit to Utica's contention that its obligation to comply with Insurance Law § 3420(d) did not begin until it received the contract documents in March 2015. Utica did not need to receive those documents in order to provide a disclaimer directly to the additional insureds based on the employee exclusion. An insurer may not delay issuance of a disclaimer on a ground that the insurer knows to be valid while investigating other possible grounds for disclaiming coverage (see Endurance Am. Specialty Ins. Co. v Utica First Ins. Co., 132 AD3d at 436; George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA, 92 AD3d 104, 106; City of New York v Northern Ins. Co. of N.Y., 284 AD2d 291, 292).
Utica's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiffs' motion for summary judgment declaring that Utica is obligated to defend and indemnify AVR-Powell and Powell Cove in the underlying action, and to reimburse them for all defense costs incurred in connection with the underlying action. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Utica is obligated to defend and indemnify AVR-Powell and Powell Cove in the underlying action, and to reimburse them for all defense costs incurred in connection with the underlying action (see Lanza v Wagner, 11 NY2d 317, 334).
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court