Valiant Ins. Co. v Utica First Ins. Co. (2020 NY Slip Op 03752)





Valiant Ins. Co. v Utica First Ins. Co.


2020 NY Slip Op 03752


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


11767N 655687/16

[*1] Valiant Insurance Company, Plaintiff-Appellant,
v
Utica First Insurance Company, Defendant-Respondent.


Kennedys CMK LLP, New York (Kristin V. Gallagher of counsel), for appellant.
Farber Brocks & Zane L.L.P., Garden City (Andrew J. Mihalick of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Melissa A. Crane, J.), entered May 21, 2019, granting defendant's motion to reargue an order, same court and Justice, dated October 1, 2018, which denied defendant's motion to dismiss and granted plaintiff's cross motion for summary judgment on its cause of action for a declaration that defendant had a duty to defend and indemnify plaintiff's additional insureds in an underlying action, and upon reargument, vacating its prior order, granting defendant's motion to dismiss and denying plaintiff's cross motion, unanimously affirmed, with costs.
Defendant's July 25, 2014 disclaimer of coverage to its insured, with copies to the additional insureds, was timely made within two days of defendant's initial receipt of notice of tender for a defense and indemnity (see generally Insurance Law § 3420[d][2]). While the disclaimer was addressed directly to its insured, it clearly stated that specified exclusions in the policy, and particularly the employee exclusion, precluded any coverage to its insured or the additional insureds. Defendant copied counsel for the owner and general contractor, and the disclaimer notice was sufficiently specific to apprise the additional insureds of the reasons for a disclaimer as to them (see generally Sierra v 4401 Sunset Park, LLC, 24 NY3d 514 [2014]; General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]; Matter of Aetna Cas. & Sur. Co. v Rodriguez, 115 AD2d 418, 420 [1st Dept 1985]).
We have considered plaintiffs remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK