POFI Constr. Corp. v Rutgers Cas. Ins. Co. (2020 NY Slip Op 07303)





POFI Constr. Corp. v Rutgers Cas. Ins. Co.


2020 NY Slip Op 07303


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 653019/16 Appeal No. 12525 Case No. 2020-02759 

[*1]POFI Construction Corp., Plaintiff-Respondent,
v
Rutgers Casualty Insurance Company, Defendant-Appellant, Sky VL Construction Corp., Defendant.


Miranda Slone Sklarin Verveniotis, LLP, Mineola (Steven Verveniotis of counsel), for appellant.
Melito & Adolfsen P.C., New York (Michael F. Panayotou of counsel), for respondent.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered November 27, 2019, declaring that plaintiff is an additional insured under an insurance policy issued by defendant Rutgers Casualty Insurance Company to defendant Sky VL Construction Corp. and is therefore entitled to a primary non-contributory defense and indemnity in the underlying Labor Law action, unanimously affirmed, with costs.
In this action, plaintiff Pofi Construction Corp. (Pofi) seeks additional insured coverage for bodily injuries, under a policy issued by defendant Rutgers Casualty Insurance Company [*2](Rutgers) to Pofi's subcontractor, defendant Sky VL Construction Corp. The plaintiff in the underlying personal injury action was injured while performing work for his employer, defendant Sky VL Construction Corp. Pofi, as the general contractor on a repair and maintenance project for the subject building in Manhattan, subcontracted with Sky VL for restoration of the exterior faÇade of the building.
The motion court correctly found that plaintiff is an additional insured under the policy that defendant Rutgers issued to defendant Sky VI. The plaintiff in the underlying personal injury action alleged that he was injured while performing work on the premises; thus, his injury arose out of the subcontractor's ongoing operations on the construction project. Indeed, the injured worker testified that he was inspecting the work at the time he was injured. "[T]he focus of the inquiry 'is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained'" (Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38 [2010], quoting Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 416 [2008]). Plaintiff was not required to obtain a judgment against the subcontractor before bringing this action (see Insurance Law § 3420[a][2], [b][2]; compare Lang v Hanover Ins. Co., 3 NY3d 350 [2004] [dismissing injured party's complaint against tortfeasor's insurer for failure to obtain judgment against tortfeasor]).
The court also correctly found that Rutgers waived any reliance on the asserted coverage exclusions, as it sent notice only to plaintiff's insurer and not directly to plaintiff, the additional insured (see Sierra v 4401 Sunset Park, LLC, 24 NY3d 514, 518 [2014]). "'[T]he obligation imposed by the Insurance Law is to give timely notice to the mutual insureds . . . not to . . . another insurer'" (id. at 519; see Insurance Law § 3420[d]). Contrary to Rutgers's contention, the letter it sent to its insured, copying plaintiff, almost 21 months after the original tender and 11 months after the final tender, was not sent within a reasonable time, as Rutgers proffered no excuse for the delay (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 68-69 [2003]).
In any event, none of the asserted exclusions apply. Plaintiff is not seeking coverage for liability assumed by contract (see e.g. Cucinotta v City of New York, 68 AD3d 682 [1st Dept 2009]). The injured worker was not plaintiff's employee (see Greaves v Public Serv. Mut. Ins. Co., 5 NY2d 120, 123-124 [1959]; see also Admiral Ins. Co. v Joy Contrs., Inc., 19 NY3d 448, 459-460 [2012]). Rutgers did not "demonstrate that the allegations of the [underlying] complaint can be interpreted only to exclude coverage" based on the Prior Work exclusion (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 444 [2002]). There is no evidence that the subcontractor commenced the work prior to the effective date of the insurance policy.
The court correctly declined to dismiss the claims against the subcontractor. Since the attorneys for Rutgers do not represent the subcontractor in this action, they have no standing to seek relief on its behalf (Lipstick, Ltd. v Grupo Tribasa, S.A. de C.V., 304 AD2d 482 [1st Dept 2003]).
We have considered Rutgers's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020