Wesco Ins. Co. v Fulmont Mut. Ins. Co. (2023 NY Slip Op 02600)

Wesco Ins. Co. v Fulmont Mut. Ins. Co.

2023 NY Slip Op 02600

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Index No. 154111/21 Appeal No. 229 Case No. 2022-02708 

[*1]Wesco Insurance Company et al., Plaintiffs-Respondents,
v
Fulmont Mutual Insurance Company, Defendant-Appellant, Bienvenido Santana Doing Business as JD's Fix Flat, Defendant.

Mura Law Group, PLLC, Buffalo (Scott D. Mancuso of counsel), for appellant.
Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for respondents.

Order and judgment (one paper) Supreme Court, New York County (Suzanne Adams, J.), entered June 15, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiffs Wesco Insurance Company (Wesco) and Beyond 501 West SPE, LLC's (Beyond) (collectively, plaintiffs) motion for summary judgment pursuant to CPLR 3212 to reform an insurance policy issued by defendant Fulmont Mutual Insurance Company (Fulmont) to identify Beyond as an additional insured, and to declare that Fulmont had a duty to defend and indemnify Beyond on a primary basis in the underlying personal injury action, unanimously affirmed, without costs.
This insurance coverage action arises out of a personal injury lawsuit commenced against Beyond as owner of the premises located at 501 West 173rd Street (also known as 2284 Amsterdam Avenue). Pursuant to the terms of the commercial lease, the tenant added the building, 2284 Amsterdam Avenue, and its then-owners, SC2284 LLC and EFE Realty LLC (SC2284 LLC), as additional insureds under its commercial general liability insurance policy issued by Fulmont. SC2284 LLC conveyed the premises to 501 West 173 Street, LLC (501 West), and the insurance policy was updated merely to replace SC2284 LLC with 501 West as the additional insured. Prior to the underlying accident, 501 West conveyed the property to Beyond by deed dated January 7, 2016. The additional insured endorsement in the policy maintained by the tenant, however, was not updated to reflect this change in ownership. As such, although the policy remained in effect with additional insured coverage, 501 West, the former owner, was still listed as the additional insured, not Beyond.
On October 2, 2019, plaintiffs tendered the defense and indemnification of the underlying claims to Fulmont after the tenant failed to respond to their September 21, 2018 and June 17, 2019 demands for coverage. In correspondence dated November 7, 2019 and May 18, 2020, Fulmont disclaimed coverage to Beyond on two grounds — that Beyond was not "an insured or additional insured under the above referenced policy," and that "based on our investigation to date, it cannot be determined that the alleged accident occurred within the demised premises or from the use of, maintenance of, or the direct operation of our insured."
On April 13, 2021, Wesco responded to Fulmont, stating that 501 West was misidentified on the Fulmont policy. Wesco contended that the failure to update the owner's name after the January 7, 2016 sale of the property to Beyond was the result of an innocent mistake, and, that, as such, the policy should be reformed to substitute Beyond for 501 West. Wesco also stated that Fulmont's other basis for denying coverage was inaccurate, as the photographic evidence demonstrated that the alleged accident location was the public sidewalk next to the premises leased to the tenant, which exposed the tenant to liability. This action ensued.
Supreme Court correctly granted plaintiffs' motion [*2]for summary judgment to reform the insurance policy to merely replace the prior owner with Beyond as the additional insured. The underlying circumstances clearly establish that the Fulmont insurance policy always extended coverage to the building and its owner as additional insureds. Thus, under these circumstances, the fact that the endorsement was never updated by the tenant to reflect a mere change in ownership is of no moment. The name of the insured in the policy is not dispositive if the intent to cover the risk, as here, is clear (see Anand v GA Ins. Co., 228 AD2d 397, 399 [2d Dept 1998]; Ebasco Constructors v Aetna Ins. Co., 260 AD2d 287, 290-291 [1st Dept 1999]).
The court properly concluded that Fulmont failed to timely provide written notice that it was disclaiming coverage based on the vicarious liability exclusion in its policy, which it asserted in its June 1, 2021 answer. Insurance Law § 3420(d) requires a liability insurer to disclaim coverage of a personal injury claim by written notice "as soon as is reasonably possible." "Insurance Law § 3420(d) precludes an insurer from delaying issuance of a disclaimer on a ground that the insurer knows to be valid . . . while investigating other possible grounds for disclaiming" (Endurance Am. Specialty Ins. Co. v Utica First Ins. Co., 132 AD3d 434, 436 [1st Dept 2015], lv dismissed 27 NY3d 1119 [2016] [internal quotation marks omitted]). Fulmont, by first disclaiming coverage based on the vicarious liability exclusion in its answer, failed to disclaim coverage as
soon as reasonably possible, as required under Insurance Law § 3420(d)(2) (see West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d 278, 279 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023