*Certain Underwriters at Lloyds, London v. Midvale Indemnity Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of July, two thousand twenty-four.

PRESENT:
> Gerard E. Lynch,
> Susan L. Carney,
> Steven J. Menashi,
>> *Circuit Judges.*

_____

CERTAIN UNDERWRITERS AT LLOYDS, LONDON, M-TEK DEVELOPMENT, LLC, TF DECATUR LLC,

> *Plaintiffs-Appellees,*

v.                                                     No. 23-1183

MIDVALE INDEMNITY CO.,

> *Defendant-Third-Party-Plaintiff-*
> *Appellant,*

v.

AREVALOS CONSTRUCTION CORP.,

        *Third-Party-Defendant.*

_____

| | |
|---|---|
| *For Plaintiffs-Appellees*: | DAN D. KOHANE, Hurwitz Fine P.C., Buffalo, New York. |
| *For Defendant-Third-Party-Plaintiff-Appellant:* | ROBERT J. COSGROVE, Wade Clark Mulcahy LLP, Philadelphia, Pennsylvania. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellees TF Decatur LLC ("TF Decatur") and M-Tek Development, LLC ("M-Tek") were the owner and general contractor, respectively, of an eight-unit residential building undergoing construction. Plaintiffs-Appellees Certain Underwriters at Lloyds, London ("Lloyd's") issued a general liability insurance policy to M-Tek; TF Decatur was named as an additional insured under that policy. M-Tek's subcontractor Arevalos Construction Corporation ("Arevalos") held a general liability insurance policy—which also insured M-Tek and TF Decatur—from Defendant-Third-Party-Plaintiff-Appellant Midvale Indemnity Company ("Midvale").

An employee of Arevalos was injured at the construction site and sued TF Decatur and M-Tek in New York state court. Lloyd's has defended M-Tek and TF Decatur in the state court action as its policy required. Midvale has refused to defend or to indemnify M-Tek and TF Decatur. The plaintiffs filed this action to compel Midvale to defend and indemnify, and the district court granted summary

2

judgment to M-Tek and TF Decatur on the ground that Midvale did not timely notify the insureds of its reason for denying coverage as New York Insurance Law § 3420(d)(2) required. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

## I

TF Decatur owns an eight-unit residential building in Bushwick, Brooklyn. M-Tek was the general contractor for a construction project at the building, and M-Tek in turn subcontracted with Arevalos. On February 1, 2019, Luis Parra, an employee of Arevalos, tripped and fell at the job site, and he sued TF Decatur and M-Tek in New York state court. M-Tek and TF Decatur were covered by two insurance policies at the time. One was a general liability policy that Lloyd's issued to M-Tek, under which TF Decatur was an additional insured. The other was a general liability policy that Midvale issued to Arevalos, under which M-Tek and TF Decatur were additional insureds, as the subcontract between M-Tek and Arevalos required. Lloyd's has defended M-Tek and TF Decatur in the state court action and continues to do so.

Arevalos, TF Decatur, and M-Tek all sent letters to Midvale between July and September of 2019 requesting that it defend and indemnify them in Parra's lawsuit. Midvale denied coverage, citing exclusions in the policy for workers' compensation liability and Arevalos's liability to employees for workplace injuries. TF Decatur and M-Tek each sent another letter, in May and December of 2020 respectively, and Midvale again denied coverage for the same reasons. On October 18, 2021, Midvale sent a letter to Arevalos agreeing to defend it against an indemnification claim by M-Tek subject to a reservation of rights. In this letter, Midvale stated for the first time that it had concluded that coverage was not available under the policy based on an exclusion for construction operations at a "multi-unit residential building." Special App'x 3-4. The policy defined "multi-unit residential buildings" as "condominiums, townhouses, apartments,

3

dormitories or similar structures that have more than four (4) units built or used for the purposes of residential occupancy." *Id.* at 3. Because Midvale continued to disclaim coverage, Lloyd's, TF Decatur, and M-Tek filed this lawsuit in the Eastern District of New York seeking a declaratory judgment that Midvale was required to defend and indemnify TF Decatur and M-Tek under the policy.

The district court observed that it was undisputed that (1) New York law governed; (2) M-Tek and TF Decatur qualified as additional insureds under the Midvale policy; and (3) the multi-unit exclusion, by its terms, precluded coverage. However, the district court held that Midvale could not rely on the multi-unit exclusion because of its "unreasonable" delay in providing this reason for its denial of coverage after receiving the letters from the plaintiffs. *Certain Underwriters at Lloyds v. Midvale Ins. Co.*, No. 21-CV-3364, 2023 WL 4532434, at *2 (E.D.N.Y. July 13, 2023). Midvale argued that the timely notice requirement of New York Insurance Law § 3420(d)(2) did not apply in this case because it was an "'inter-carrier tender[],' that is, [a] situation[] where one insurer demands that another insurer provide a defense to their mutual insured." *Id.* at *3. The district court held that this argument was correct with respect to Lloyd's but not with respect to M-Tek and TF Decatur. It explained that "M-Tek and TF Decatur, who made their own tenders to Midvale, are also plaintiffs in this action seeking to enforce their own right to a defense going forward. Section 3420(d)(2) plainly entitled them to prompt notice of Midvale's grounds for denying coverage." *Id.*

The district court granted summary judgment to Midvale with respect to the claim for reimbursement of the costs that Lloyd's had incurred defending M-Tek and TF Decatur, but it held that Midvale was required to defend and indemnify M-Tek and TF Decatur going forward. This appeal followed.

4

## II

"Summary judgment is warranted when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Garcia v. Heath*, 74 F.4th 44, 47 (2d Cir. 2023) (quoting *Romano v. Ulrich*, 49 F.4th 148, 152 (2d Cir. 2022)). "We review a district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* at 47-48 (quoting *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010)).

## III

The question in this appeal is whether Midvale is required to defend and indemnify M-Tek and TF Decatur. The district court held that Midvale's failure to comply with § 3420(d)(2) of the New York Insurance Law prevents it from relying on the multi-unit exclusion in its policy. Section 3420(d)(2) provides:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

N.Y. Ins. L. § 3420(d)(2). Under this section, "[a] failure by the insurer to give such notice as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 107 (2d Cir. 2004) (quoting *Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028, 1029 (1979)). In addition, "the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated." *Gen. Acc. Ins. Grp. v. Cirucci*, 46 N.Y.2d 862, 864 (1979).

5

## A

Midvale does not argue that it provided timely notice to M-Tek and TF Decatur sufficient to satisfy § 3420(d)(2). Rather, Midvale argues that it was not required to provide timely notice to M-Tek and TF Decatur because the real party in interest in this case was Lloyd's—not M-Tek or TF Decatur.

Midvale is incorrect. M-Tek and TF Decatur are real parties in interest in this action under New York law. Federal Rule of Civil Procedure 17(a) provides that every action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "This means that an 'action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right.'" *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1543 (2d ed. 1990)). The governing substantive law, in turn, is "the substantive law creating the right being sued upon." Wright, Miller & Kane, *supra*, § 1544.

Under New York law, which governs this diversity case, when an insured and one of its insurers sue another insurer to compel the second insurer to defend and indemnify, the first insurer is not the only real party in interest despite its having assumed the responsibility of defending and indemnifying the insured. In *Greater N.Y. Mut. Ins. Co. v. Chubb Indem. Ins. Co.*, a garage's employee injured a third party with one of its vehicles. 963 N.Y.S.2d 218, 219 (1st Dep't 2013). The garage and the employee were insured under a commercial general liability policy issued by Greater New York Mutual ("GNY"), and the injured third party had an automobile policy issued by Chubb. The GNY policy was excess to the Chubb policy, meaning that it would begin to pay only once a claim reached the limit of the Chubb policy. The Chubb policy contained an exclusion that unambiguously denied coverage for the claim at issue. However, for over fifteen months, Chubb failed to respond to a letter from GNY requesting that Chubb defend and indemnify the garage and its employee. GNY sued Chubb, and the Appellate

6

Division, First Department, held that "[a]fter receiving GNY's … letter, [Chubb] was required to give timely notice of disclaimer to the mutual insureds ([the employee] and the garage) but not to GNY (another insurer) pursuant to Insurance Law § 3420(d)(2)." *Id.* at 220. The court explained that "GNY is not the sole real party in interest, such that Insurance Law § 3420(d)(2) would be inapplicable," because "there has been no settlement in the underlying action" and the garage and employee would "benefit by being covered by GNY's policy as well as [Chubb's] policy" if the damages in the underlying action were sufficiently large. *Id.* In other words, the insureds would benefit from having the policy available to contribute to any settlement or verdict on the claims against them.

The New York Court of Appeals has endorsed the *Chubb* approach. In *Sierra v. 4401 Sunset Park, LLC*, the owner and manager of an apartment building had contracted with a third party to renovate the building. 24 N.Y.3d 514, 517 (2014). The owner and manager had their own general liability insurance, but the contract required the third-party renovator also to obtain liability insurance. An accident occurred at the job site, and the owner and manager were sued. GNY—the owner and manager's general liability insurer—sent a letter to the third-party contractor's liability insurer informing it of the claim and requesting that it defend and indemnify the insureds. The third-party insurer replied by letter to GNY disclaiming coverage, but it did not send the letter to the insureds or to their lawyer. The Court of Appeals held that this response did not satisfy Insurance Law § 3420(d)(2), which requires written notice of a disclaimer of liability to be sent "to the insured." Sending the letter to GNY was insufficient: "[w]hile GNY had acted on the insureds' behalf in sending notice of the claim … that did not make GNY the insureds' agent for all purposes, or for the specific purpose that is relevant here: receipt of a notice of disclaimer." *Sierra*, 24 N.Y.3d at 518. The Court of Appeals explained why:

7

> GNY's interests were not necessarily the same as its insureds' in this litigation. There might have been a coverage dispute between GNY and the insureds, or plaintiff's claim might have exceeded GNY's policy limits. Because the insureds had their own interests at stake, separate from that of GNY, they were entitled to notice delivered to them, or at least to an agent—perhaps their attorney—who owed a duty of loyalty in this matter to them only.

*Id.* at 518-19. If the insured has its own interests at stake in such circumstances, it cannot be said that the insured is not a real party in interest. The Court of Appeals, citing *Chubb*, distinguished other cases in which, "as a result of a settlement, the insured had no real interest in the litigation, and the insurer to which the disclaimer was sent was the only real party in interest." *Id.* at 519.

As the plaintiffs acknowledge, some of the statements in *Sierra* might be considered dicta. *See* Appellees' Br. 19. But we must predict how the highest court of New York would resolve the issue before us. *See Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 241 (2d Cir. 2020) ("Where the substantive law of the forum state is uncertain or ambiguous, the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity.") (quoting *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 199 (2d Cir. 2003)). That court has expressed the view that, in a case in which the insured owns two policies and one insurer fails properly to disclaim coverage, the insured is a real party in interest in an action to compel that insurer to defend and to indemnify. We conclude that M-Tek and TF Decatur are real parties in interest under New York law and that those parties were entitled to timely notice of Midvale's reason for denying coverage pursuant to New York Insurance Law § 3420(d)(2).

## B

Midvale argues that M-Tek and TF Decatur cannot be real parties in interest

8

because the outcome of this litigation will have no practical effect on M-Tek and TF Decatur, which "have continuously received a defense from [Lloyd's] in the Underlying Action, and there is no evidence of record that the damages claimed therein exceed the limit of coverage set forth in the [Lloyd's] Policy or that the insureds are paying out-of-pocket litigation costs." Reply Br. 5. To allow M-Tek and TF Decatur to benefit from the notice requirement of § 3420(d)(2), Midvale contends, would "elevate form over substance" *Id.*

As explained above, M-Tek and TF Decatur are real parties in interest under New York law because those parties have enforceable contract rights, regardless of who benefits from the enforcement of those rights. Midvale contracted with M-Tek and TF Decatur, not with Lloyd's, and M-Tek and TF Decatur are entitled to enforce the contractual right to defense and indemnification. Even so, it is not clear that M-Tek and TF Decatur lack a financial interest in the outcome of this litigation. Midvale asserts that there is no evidence that the damages in the underlying action exceed the per-occurrence limit of $1,000,000 in the Lloyd's policy. But there is no evidence in the record that the damages do *not* exceed the $1,000,000 per-occurrence limit; the complaint in the underlying action simply states that the plaintiff has been damaged "in a sum which exceeds the jurisdictional limits of all lower courts." App'x 1229. And even if the damages in the underlying action do not exceed the limit of the Lloyd's policy, every dollar that Lloyd's pays on the claim would reduce the aggregate limit of coverage under its policy for future claims. *See id.* at 1018 (establishing general aggregate limit of $2,000,000). If the Lloyd's policy covers a broader range of claims than the Midvale policy, M-Tek and TF Decatur might prefer to use the Midvale policy for this claim and save the Lloyd's policy for future claims.

Midvale further argues that the "purpose" of § 3240(d)(2) has already been served because "M-Tek and TF Decatur's interests have … been protected" throughout the course of the underlying action. Reply Br. 8. Midvale relies on the

proposition that "[t]he purpose of section 3420(d) is 'to protect the insured, the injured person, and any other interested party who has a real stake in the outcome, from being prejudiced by a belated denial of coverage.'" *Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 27 A.D.3d 84, 90-91 (1st Dep't 2005) (quoting *Excelsior Ins. Co. v. Antretter Contracting Corp.*, 262 A.D.2d 124, 127 (1st Dep't 1999)).

That argument also fails. While Midvale contends that M-Tek and TF Decatur were not prejudiced by its untimely disclaimer of coverage based on the multi-unit policy exclusion, the New York Court of Appeals has long held that "prejudice is of no legal relevance" in determining whether notice of a disclaimer of coverage was timely under § 3420(d). *First Fin. Ins. Co. v. Jetco Contr. Corp.*, 1 N.Y.3d 64, 67 n.2 (2003); *Allstate Ins. Co. v. Gross*, 27 N.Y.2d 263, 265 (1970) ("The presence or absence of prejudice to the insured or the injured party resulting from [an insurer's] failure to give notice of disclaimer is immaterial."); *see also Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc.*, 822 F.2d 267, 274 n.5 (2d Cir. 1987) (noting that, under § 3420(d), "it is not necessary for an insured to show prejudice caused by an insurer's unreasonable delay in disclaiming liability or denying coverage"). Even if there were a lack of prejudice to M-Tek and TF Decatur, it would not excuse Midvale from its obligation to provide timely notice of its reason for denying coverage. Midvale's failure to do so means that it must defend and indemnify M-Tek and TF Decatur in the underlying action.

\* \* \*

We have considered Midvale's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court