New York Mar. & Gen. Ins. Co. v Rockingham Ins. Co. (2025 NY Slip Op 00382)

New York Mar. & Gen. Ins. Co. v Rockingham Ins. Co.

2025 NY Slip Op 00382

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Index No. 156010/21 Appeal No. 3560 Case No. 2023-05462 

[*1]New York Marine and General Insurance Company, et al., Plaintiffs-Respondents,
v
Rockingham Insurance Company, Defendant-Appellant.

Cooper Levenson, P.A., New York (Justin D. Santagata of counsel), for appellant.
Cullen and Dykman LLP, New York (Olivia M. Gross of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 11, 2023, which granted plaintiffs' motion for summary judgment declaring that defendant was obligated to defend and indemnify plaintiffs Stateside Construction LLC and The Astra at Gates Avenue, LLC in an underlying personal injury action and to reimburse plaintiff New York Marine and General Insurance Company for its attorneys' fees, costs, and disbursements incurred in defending plaintiffs, and denied defendant's cross-motion to dismiss the complaint against it, unanimously affirmed, with costs.
Supreme Court properly determined that plaintiffs Stateside and Astra, who qualify as additional insureds on a policy issued by defendant, established that they submitted a tender letter to defendant insurer, and that defendant failed to timely disclaim coverage as to plaintiffs, as required by Insurance Law § 3420(d) (see West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d 278, 279 [1st Dept 2002], lv denied 98 NY2d 605 [2002]). Contrary to defendant's contention, the denial letter it sent to its named insured, disclaiming coverage solely as to that named insured, did not constitute notice to plaintiff additional insureds (see Endurance Am. Specialty Ins. Co. v Utica First Ins. Co., 132 AD3d 434, 436 [1st Dept 2015], lv dismissed 27 NY3d 1119 [2016]; see also AVR-Powell C Dev. Corp. v Utica First Ins. Co., 174 AD3d 772, 774 [2d Dept 2019]). The notice was not sufficiently definite as to apprise plaintiffs that defendant was also denying them coverage based on certain policy exclusions (see Titan Indus. Servs. Corp. v Navigators Ins. Co., 223 AD3d 426, 427-428 [1st Dept 2024]; Hartford Underwriting Ins. Co. v Greenman-Pederson, Inc., 111 AD3d 562, 563 [1st Dept 2013]; cf. Valiant Ins. Co. v Utica First Ins. Co., 185 AD3d 435, 436 [1st Dept 2020]).
In opposition, defendant failed to raise a triable issue of fact to rebut plaintiffs' showing that defendant failed to timely disclaim coverage.
We have considered defendant's remaining arguments, including that the court should not have imposed sanctions for discovery malfeasance, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025